13-4142-cr
*United States v. Park*

# In the
# United States Court of Appeals
## For the Second Circuit

————

AUGUST TERM 2013
No. 13-4142-cr

UNITED STATES OF AMERICA,
*Appellant,*

*v.*

YOUNG C. PARK,
*Defendant-Appellee.*

————

Appeal from the United States District Court
for the Eastern District of New York.
No. 12-cr-344 — Frederic Block, *Judge.*

————

ARGUED: JUNE 26, 2014
DECIDED: JULY 9, 2014

————

Before: CABRANES, CARNEY, and DRONEY, *Circuit Judges.*

————

The government appeals from the sentence imposed on defendant Young C. Park, pursuant to an October 24, 2013 judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*), following Park's guilty plea to one

count of filing a false corporate tax return in violation of 26 U.S.C. § 7206.

We consider on appeal whether the District Court erred in sentencing Park to a probationary sentence rather than a term of imprisonment based solely on its belief that the government could not afford the cost of incarceration during a so-called "government shut-down." We hold that the District Court failed to conduct a meaningful review of the sentencing factors enumerated in 18 U.S.C. § 3553(a), and that the cost of incarceration, much less a political phenomenon styled a "government shut-down," is not a permissible factor to consider in determining whether to impose a term of imprisonment. In light of the need for deterrence and just punishment and the District Court's own remarks suggesting that a term of imprisonment was warranted, we also hold that the probationary sentence imposed here was substantively unreasonable. Accordingly, we **VACATE** the sentence imposed by the District Court and **REMAND** for plenary resentencing in accordance with this opinion.

————

> PATRICIA A. PILEGGI, Schiff Hardin LLP, New York, NY, *for Defendant-Appellee Young C. Park.*
>
> ELISSA HART-MAHAN (Kathryn Keneally, Assistant Attorney General, Frank P. Cihlar, Chief, Criminal Appeals & Tax Enforcement Policy Section, Gregory V. Davis, Attorney, Tax Division, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellant United States.*

————

PER CURIAM:

The United States appeals from the sentence imposed on defendant Young C. Park, pursuant to an October 24, 2013 judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*), following Park's guilty plea to one count of filing a false corporate tax return in violation of 26 U.S.C. § 7206.

We consider on appeal whether the District Court erred in sentencing Park to a below-guidelines probationary sentence rather than a term of imprisonment based solely on its belief that the government could not afford the cost of incarceration during a so-called "government shut-down." We hold that the District Court failed to conduct a meaningful review of the sentencing factors enumerated in 18 U.S.C. § 3553(a), and that the cost of incarceration, much less a political phenomenon styled a "government shut-down," is not a permissible factor to consider in determining whether to impose a term of imprisonment. In light of the need for deterrence and just punishment and the District Court's own remarks suggesting that a term of imprisonment was warranted, we also hold that the probationary sentence imposed here was substantively unreasonable. Accordingly, we **VACATE** the sentence imposed by the District Court and **REMAND** for plenary resentencing in accordance with this opinion.

## BACKGROUND

On July 10, 2012, Park waived indictment and pleaded guilty to an information charging him with filing a false corporate tax return, in violation of 26 U.S.C. § 7206(1). According to the Presentence Report ("PSR") prepared by the United States Probation Office, in 2004 and 2005, Park diverted his business's cash receipts

from the corporate bank account, filed false corporate tax returns that significantly understated the business's gross receipts, and underpaid payroll taxes that were due and owing. The PSR calculated an applicable Guidelines range of 15 to 21 months' imprisonment, based on Park's prior convictions for fraud offenses[1] and a total tax loss of $133,601.

Park was sentenced on October 11, 2013, during a so-called "government shut-down."[2] At the sentencing hearing, the District Court initially revealed that it was inclined to impose a sentence of incarceration in light of Park's prior convictions and resulting prison sentence. The Court then noted, however, that the "economic problems" caused by the 2013 government shut-down warranted consideration, stating:

> I'm going to say that I would probably give a period of incarceration if not for the financial pressures that the Court has, the court system and the government has. Especially low-level federal employees at the present time. And we really can't afford the luxury of paying another $28,000 to keep this person in jail under the circumstances and I encourage you to appeal.[3]

The Court then expressly reaffirmed that its decision not to impose a sentence of incarceration was based solely on the government shut-

---

[1] In 1998, Park was convicted of conspiracy to commit mail fraud and of substantive mail fraud charges, arising from his involvement in a Ponzi-style scheme that resulted in a total loss to investors of almost $7 million. Park was sentenced principally to a year and a day of incarceration, which he completed in December 1999.

[2] *See* Lisa Rein, *Shutdown's Impact Continues to Grow*, WASH. POST., Oct. 5, 2013, at A1.

[3] App. 144.

down, asserting, "I'm making the record that I am not going to put him in jail *only because of the economic plight that we are facing today*."[4]

The Court then proceeded to sentence Park to three years' probation, including six months' home confinement, the cost of which was to be paid by Park.  It did not impose a fine or any restitution beyond that already paid as a condition of the guilty plea.  Having secured the required approval of the Solicitor General of the United States,[5] the government filed a timely notice of appeal, contending that the Court erred in considering the cost of incarceration as a relevant sentencing factor.

## DISCUSSION

We review sentences on appeal only for "reasonableness."[6] This type of scrutiny includes two components: "procedural" review and "substantive" review—although in sentencing, as in many areas of the law, the precise line between procedure and substance is often elusive.[7]

---

[4] *Id.* at 145 (emphasis supplied).

[5] Under 18 U.S.C. § 3742(b), "[t]he Government may not further prosecute [a sentencing appeal] without the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General."

[6] *United States v. Corsey*, 723 F.3d 366, 374 (2d Cir. 2013); *see also Gall v. United States*, 552 U.S. 38, 40-41 (2007).

[7] Indeed, as Justice Holmes famously remarked in a different context, a word like "substance" or "procedure" "is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." *Towne v. Eisner*, 245 U.S. 418, 425 (1918). Justice Brennan, writing for the Supreme Court in 1958, similarly noted that "[t]he words 'substantive' and 'procedural' are mere conceptual labels and in no sense talismanic." *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 549 (1958); *see also* Laurence H. Tribe, American Constitutional Law 712 (2d ed. 1988) (noting that substance and procedure cannot be "neatly separated").  For this reason, whether an issue "is more appropriately characterized as substantive or procedural is not a matter of overriding significance." *Albright v. Oliver*, 510 U.S. 266, 302 (1994).

Whether a sentence satisfies the objectives enumerated in the 18 U.S.C. § 3553(a)—a *substantive* inquiry—depends upon the explanation given by the District Court pursuant to 18 U.S.C. § 3553(c)—a *procedural* requirement.[8]  Where, as here, a district court relies on an improper factor to justify the sentence imposed, it can be difficult, if not impossible, for a reviewing court to evaluate separately the "procedural" and "substantive" reasonableness of a sentence.

## A. "Procedural" Unreasonableness

The procedural review focuses on whether the sentencing court followed all the necessary steps in deciding upon a sentence.[9] A district court normally begins all sentencing proceedings by calculating the applicable Guidelines range, and will then consider the factors listed in 18 U.S.C. § 3553(a),[10] as required by statute,[11]

---

[8] *See United States v. Giovanelli*, 464 F.3d 346, 355 (2d Cir. 2006) (review for procedural reasonableness includes determining whether the sentencing court "consider[ed] the . . . factors listed in § 3553(a)," while review for substantive reasonableness asks "whether the sentence length is reasonable in light of the . . . factors set out in [§] 3553(a)" (citation omitted)).

[9] *See Gall*, 552 U.S. at 51.

[10] Under 18 U.S.C. § 3553(a), a district court must consider seven sentencing factors.  The first factor is a broad directive to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1).  The second factor requires consideration of the general purposes of sentencing, specifically,

> the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Id.* § 3553(a)(2).  The third factor pertains to the kinds of sentences available; the fourth to the Sentencing Guidelines; the fifth to any relevant policy statement issued by the Sentencing Commission; the sixth to the need to avoid unwarranted sentence disparities; and the seventh to the need to provide restitution to any victim.  *Id.* § 3553(a)(3)-(7).

before imposing a final sentence.[12]   Although "[a] judge need not utter 'robotic incantations' repeating each factor that motivates a sentence[,] . . . the judge must explain enough about the sentence for a reviewing court both to understand it and to assure itself that the judge considered the principles enunciated in federal statutes and the Guidelines."[13]   Further, when a district court imposes a sentence outside the recommended range, as the Court did here, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."[14]

After a review of the record, we conclude that the District Court committed procedural error in imposing a term of probation in lieu of imprisonment for two reasons.  First, the *only* sentencing factor the District Court deemed relevant was the cost of incarceration to the government and the economic problems allegedly caused by the government shut-down.  As the Court clearly announced, "I am not going to put him in jail *only because of the economic plight that we are facing today*."[15]   After emphasizing that its sentencing decision was based solely upon this consideration, the Court then rebuffed defense counsel's suggestion to "supplement the record," asserting, "[i]f we have to resentence him, we will later."[16]   The Court also stated that if the Court of Appeals were to reverse, it would "consider all of these factors" at resentencing,[17]

---

[11] *See* 18 U.S.C. § 3582(a).

[12] *See, e.g., United States v. Preacely*, 628 F.3d 72, 79 (2d Cir. 2010).

[13] *Corsey*, 723 F.3d at 374 (citation omitted).

[14] *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (citation and internal quotation marks omitted).

[15] App. 145 (emphasis supplied).

[16] *Id.*

[17] *Id.* at 150.

clearly indicating that it did not consider the relevant factors in the first instance. The Court therefore committed procedural error by refusing to consider the § 3553(a) factors in deciding what is an appropriate sentence.

Second, and equally problematic, is that the cost of incarceration to the government—the Court's sole justification for imposing a term of probation rather than incarceration—is not a relevant sentencing factor under the applicable statutes. We agree with the Eighth Circuit that, based on the plain language of § 3553(a), no sentencing factor can reasonably be read to encompass the cost of incarceration.[18] Nor does the statute permit the sentencing court to balance the cost of incarceration against the sentencing goals enumerated in § 3553(a).[19]

Such an understanding is consistent with the broader legislative scheme. The imposition of a fine is governed by 18 U.S.C. § 3572, which, like § 3553(a), includes a list of factors for district judges to consider. Sections 3572(a) states that, "[i]n determining

---

[18] *See United States v. Molina*, 563 F.3d 676, 678 (8th Cir. 2009) ("Although sentencing courts are required to consider the sentencing factors set out in 18 U.S.C. § 3553(a), the cost of imprisonment is not among them. Thus, we doubt that sentencing courts have the authority to impose lesser sentences based on the cost of imprisonment.").

[19] The cost of imprisonment also lacks significance to a district judge's decision of whether to depart from the Sentencing Guidelines range. *See United States v. Wong*, 127 F.3d 725, 728 (8th Cir. 1997). Indeed, the only Guidelines provision which seems to allow departures on the basis of cost is "in the case of a seriously infirm defendant," when "home detention may be as efficient as, and less costly than, imprisonment." U.S.S.G. § 5H1.4. But even in the case of elderly defendants, the Guidelines clarify that the condition or appearance must be "present to an unusual degree and distinguish[ ] the case from the typical cases covered by the guidelines." *Id.* The absence of cost as a prevalent, or even occasional, justification for a departure under the Guidelines thus reaffirms our conclusion that it is not an appropriate sentencing factor, except in highly unusual cases that are difficult to imagine or anticipate.

whether to impose a fine, . . . the court shall consider, *in addition to the factors set forth in section 3553(a)* . . . the expected costs to the government of any imprisonment."[20]  This section makes clear that the cost of incarceration is not included in the § 3553(a) factors; if it were, cost of imprisonment would not have been necessary to list as an *additional* factor relevant to the imposition of a fine.[21]

Park argues alternatively that, although the statute may not require sentencing courts to consider the cost of imprisonment, nothing *prohibits* them from doing so.  We are reluctant, however, to expand relevant sentencing considerations beyond those enumerated in § 3553(a), insofar as the purpose of the "statutory mandate of § 3553" was to "necessarily channel[ ] district court[s'] sentencing discretion."[22]  Permitting considerations of costs as an additional factor would be particularly inappropriate in view of "the express inclusion of cost of imprisonment as a consideration [with respect to fines] in § 3572(a)," which "demonstrates that when Congress intended to include cost as a consideration, it did so very clearly."[23]  Moreover, as the Eighth Circuit has noted, "[t]he decision whether tax dollars should be used to pay for lengthy sentences is a congressional determination, not one to be made by federal courts."[24]  We conclude, therefore, that the cost of imprisonment is not a sentencing factor enumerated in § 3553(a), nor is it an additional factor upon which district courts may rely in deciding whether to impose a term of incarceration under 18 U.S.C. § 3582(a).

---

[20] 18 U.S.C. § 3572(a)(6).

[21] *Accord United States v. Tapia-Romero*, 523 F.3d 1125, 1127-28 (9th Cir. 2008).

[22] *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008).

[23] *Tapia-Romero*, 523 F.3d at 1128.

[24] *Wong*, 127 F.3d at 728.

The District Court accordingly committed procedural error in sentencing Park to a probationary sentence by affirmatively refusing to consider the § 3553(a) factors, and relying instead on an impermissible factor—namely, whether the government could afford Park's incarceration.[25]

## B. "Substantive" Unreasonableness

Turning to the question of substantive reasonableness,[26] an appellate court "will . . . set aside a district court's *substantive* determination only in exceptional cases."[27]   Appellate review of whether a sentence is truly exceptional within the scheme of federal sentencing law is no more based on an algorithm or calculus than is the decision of a district judge to impose that particular sentence in the first place.  In both instances, the judicial function involves an exercise of judgment channeled by prescribed norms.  We have thus stated that "'reasonableness' is inherently a concept of flexible meaning, generally lacking precise boundaries," and that "it

---

[25] To the extent the Court wishes to consider the cost of imprisonment at resentencing, it of course may do so through the imposition of a fine, as permitted under 18 U.S.C. § 3572(a)(6); *accord* U.S.S.G. § 5E1.2(d)(7) ("In determining the amount of the fine, the court shall consider . . . the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed."); *United States v. Mordini*, 366 F.3d 93, 94 (2d Cir. 2004).  As the government rightly notes, given that Park has net assets of approximately $1.1 million and income of $11,000 per month, the District Court would be well within its discretion to impose a fine that covered the full costs of incarceration.  Indeed, the District Court did order Park to cover the costs of his home confinement.

[26] It is well settled that "[n]othing . . . prevents us from reaching both the procedural and substantive reasonableness of the sentence in the course of an appeal where we find both types of error." *Corsey*, 723 F.3d at 378 (internal quotation marks omitted).

[27] *Cavera*, 550 F.3d at 189 (emphasis in original).

involves some degree of subjectivity that often cannot be precisely explained."[28]

In light of this leeway, our substantive review of a sentence is akin to review under an "abuse-of-discretion" standard,[29] a form of review with which appellate courts are long familiar.  We have noted on many occasions that "abuse of discretion" is a distinctive term of art that is not meant as a derogatory statement about the district judge whose decision is found wanting.[30]  It is more properly understood as referring to occasions where, after examining trial court records, an appellate court reaches the informed judgment that a ruling is based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence, or . . . a decision that cannot be located within the range of permissible decisions."[31]  In the context of sentencing, a trial's court's evaluation of the evidence is clearly erroneous when we are "left with the definite and firm

---

[28] *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007) (citations and internal quotation marks omitted).

[29] *Corsey*, 723 F.3d at 374; *see also Gall*, 552 U.S. at 40-41.

[30] *See, e.g., United States v. Ghailani*, 733 F.3d 29, 44 (2d Cir. 2013); *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168-69 & nn. 4-6 (2d Cir. 2001).

As Frank M. Coffin, the late and much admired Chief Judge of the First Circuit, described in discussing how he went about the difficult task of reviewing a decision for "abuse of discretion":

> I know of no formula in this kind of case except to live with the record until one breathes it, to gain what one can from similar cases, to brood over the consequences, and, finally, if one's sense of rawness becomes blunted over time, affirm.  But if the redness remains, after days and weeks, take a big breath and reverse.

Frank M. Coffin, On Appeal: Courts, Lawyering, and Judging 267 (1994)

[31] *In re Sims (Sims v. Blot)*, 534 F.3d 117, 132 (2d Cir. 2008) (alterations, citations, and internal quotation marks omitted).

conviction that a mistake has been committed."[32]   The length of a sentence is outside the range of permissible decisions when "affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law."[33]   In determining whether a sentence shocks the judicial conscience or is otherwise unsupportable, we use as our "lodestar the parsimony clause of 18 U.S.C. § 3553(a), which directs sentencing courts to 'impose a sentence sufficient, but not greater than necessary[,] to comply with' the factors set out in 18 U.S.C. § 3553(a)(2)"[34]—namely, retribution, deterrence, and incapacitation.[35]

A reviewing court should not avoid its duty to apply these general standards of review simply because of its respect for an experienced and capable trial judge, which is why we "have cautioned against converting review for substantive reasonableness into a 'rubber stamp.'"[36]   In thus exercising its judgment, a

---

[32] *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985).   Although this test is typically applied when reviewing factual findings for clear error, it also extends to decisions by district courts, like certain sentencing decisions, that are "essentially factual application of fact to law."  *United States v. Hinkson*, 585 F.3d 1247, 1262 n.19 (9th Cir. 2009) (internal quotation marks omitted).   Accordingly, several of our sister circuits have understandably looked to this test for analyzing substantive reasonableness.  *See, e.g.*, *United States v. Daniels*, 685 F.3d 1237, 1252 (11th Cir. 2012); *United States v. Maier*, 646 F.3d 1148, 1155-56 (9th Cir. 2011).

[33] *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013) (internal quotation marks and alteration omitted).

[34] *Id.*

[35] Although rehabilitation is also included as a factor under § 3553(a)(2), in *Tapia v. United States*, the Supreme Court held that the Sentencing Reform Act—in particular, 18 U.S.C. § 3582(a) —"precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation."  131 S. Ct. 2382, 2391 (2011).

[36] *United States v. Rigas*, 583 F.3d 108, 122 (2d Cir. 2009).

reviewing court is not disparaging the person of a trial judge, but simply concluding, after careful review, (1) that a sentence lacks a proper basis in the record, (2) that a trial judge's assessment of the evidence leaves the reviewing court with a definite and firm conviction that a mistake has been committed, or (3) that the reviewing court has reached the informed judgment that a sentence is otherwise unsupportable as a matter of law. In this instance, the probationary sentence imposed by the District Court is all of these (any one of which would be sufficient to vacate the sentence). We are therefore bound to conclude that it is substantively unreasonable as well as procedurally unreasonable.

With respect to the § 3553(a)(2) factors discussed at the sentencing hearing, general deterrence occupies an especially important role in criminal tax offenses, as criminal tax prosecutions are relatively rare. As the Guidelines themselves state, "[b]ecause of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines."[37] This case also presents a heightened need for just punishment and specific deterrence in light of Park's prior convictions for financial crimes. Park already served eight months in prison for fraud, and he began diverting cash receipts from his corporate bank account—the basis for his conviction here—only one year after he completed his term of supervised release for the prior fraud convictions.

As part of our substantive reasonableness inquiry, we also look to the District Court's own explanation at the sentencing hearing, insofar as "our . . . ability to uphold a sentence as reasonable will be informed by the district court's statement of

---

[37] U.S.S.G. § 2T1, introductory cmt.

reasons (or lack thereof) for the sentence that it elects to impose."[38] The District Court's remarks in this case indicate that a term of imprisonment was needed to punish and deter Park in light of his criminal past, and that, in the circumstances presented here, it would have been inclined to impose a sentence of incarceration if the government were not shut-down. For example, after noting that it had "a hard time swallowing that" Park "spent . . . eight months in jail and he comes out and he commits another crime years later," the Court stated that it "would probably give a period of incarceration if not for the financial pressures that the Court has, the court system and the government has."[39]

Such statements reveal the District Court's view that, if the government were not shut-down, a term of incarceration would have been needed to satisfy the parsimony clause—that is, incarceration would have been "sufficient, but not greater than necessary" to satisfy the purposes of sentencing outlined in 18 U.S.C. § 3553(a)(2). But the fact that the government was experiencing widespread budgetary challenges did not somehow grant the District Court "a blank check to impose whatever sentence[ ] suit[ed] [its] fancy."[40] Particularly since the cost of incarceration is not a valid § 3553(a) factor, we are left with only one conclusion: A term of imprisonment was in fact minimally sufficient to fulfill the statutorily mandated sentencing objectives, rendering a probationary term unsupportable as a matter of law.

---

[38] *United States v. Rattoballi*, 452 F.3d 127, 134 (2d Cir. 2006), *abrogated in part on other ground by Kimbrough v. United States*, 552 U.S. 85 (2007); *see also, e.g., United States v. Fairclough*, 439 F.3d 76, 80 (2d Cir. 2006) (evaluating the district court's sentence in light of the reasons that it offered).

[39] App. 134, 144.

[40] *Jones*, 531 F.3d at 174.

We therefore hold that, in light of the need for deterrence and just punishment and the District Court's own conclusion that, based on the record before it, a term of imprisonment was warranted, the probationary sentence imposed here was substantively unreasonable.

In holding that the District Court's probationary sentence was *substantively unreasonable*, we rely heavily upon the District Court's own evaluation of the case, as revealed by its statements at the sentencing hearing.[41]  Our holding is therefore limited to the record currently before us, which shows the District Court's sole reliance on the cost of incarceration in fashioning an appropriate sentence, as well as its belief that, were the government not shut-down, a term of incarceration would be warranted.  We thus do not foreclose the possibility that the imposition of a probationary sentence on remand, after appropriate consideration of the § 3553(a) factors thus far left unaddressed, could be *substantively reasonable* as well.

## CONCLUSION

To summarize, we hold that:

(1)    The District Court committed procedural error in sentencing Park because:

    a.    the Court only considered the cost of incarceration to the government and the economic problems caused by a "government shut-down" rather than conducting a meaningful review of the § 3553(a) factors; and

---

[41] *See* notes 38-39 and accompanying text, *ante*.

     b.    the cost of imprisonment is not a sentencing factor enumerated in § 3553(a), nor is it a separate factor upon which district courts may rely in deciding whether to impose a term of incarceration.

(2)    The District Court also committed substantive error in sentencing Park to a probationary sentence:

    a.  A sentence is substantively unreasonable when (1) it lacks a proper basis in the record, (2) we are left with the definite and firm conviction that a mistake was made in assessing the evidence, or (3) the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law.

    b.  In light of the District Court's own statements at the sentencing hearing regarding the nature and seriousness of the offense and Park's prior financial crimes, and in the absence of further explanation of the application of the § 3553(a) factors to Park, the imposition of a probationary sentence meets all of these criteria (any one of which would be sufficient for a holding of substantive unreasonableness).

Accordingly, we **VACATE** the sentence imposed by the District Court and **REMAND** for plenary resentencing in accordance with 18 U.S.C. § 3553 and this opinion.