13-3937-cr
*United States v. Mendez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand fourteen.

PRESENT:

    JOSÉ A. CABRANES,
    CHESTER J. STRAUB,
    DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

       *Appellee,*

       -v.-                            No. 13-3937-cr

ANTONIO MENDEZ, AKA BOO,

       *Defendant-Appellant,*

LECHAND FOOTMAN, AKA KB, CARLTON FOOTMAN, AKA BOOMIE,

       *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**        Laurie S. Hershey, Manhasset, NY.

**FOR APPELLEE:**        James P. Loonam, David C. James, Assistant
                                United States Attorneys, *for* Loretta E. Lynch,

Appeal from the September 24, 2013, judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the sentence of the District Court is **AFFIRMED**.

Defendant Antonio Mendez appeals the judgment of the District Court insofar as it imposed a sentence of 24 months' imprisonment and five years' supervised release after a plea of guilty to violating the terms of his supervised release. Mendez contends that the sentence imposed by the District Court was substantively unreasonable.

## BACKGROUND

In July 2007, Mendez pleaded guilty to conspiring to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On April 9, 2008, he was sentenced by Judge Ross to 57 months' imprisonment and five years' supervised release.

Mendez's term of supervised release commenced on January 3, 2012. Approximately five months later, on June 20, 2012, Mendez violated his supervised release by engaging in new criminal conduct. Specifically, he was arrested after an incident in which he shot through the front door of an apartment, striking a victim in the lower back. Mendez pleaded guilty in New York state court to attempted criminal possession of a weapon in the third degree. He subsequently pleaded guilty before the District Court to one violation of his supervised release predicated on his June 2012 offense conduct.

The United States Probation Office ("Probation Office") calculated Mendez's Guidelines range as four to ten months' imprisonment. However, the Probation Office recommended a sentence of 24 months' imprisonment. At Mendez's sentencing, Judge Ross imposed a sentence principally of 24 months' imprisonment, to be served consecutively with his state court sentence and to be followed by supervised release for five years.

## DISCUSSION

Mendez contends that the District Court erred by imposing a sentence that was both greater than the U.S. Sentencing Commission policy statements and greater than necessary to achieve the statutory goals of sentencing. Mendez additionally argues that the District Court failed to give sufficient weight to his successful participation in New York State's "Shock Incarceration Program," which teaches discipline, regimentation, and life skills. Specifically, he asserts that the District Court

2

erred in "focus[ing] not on that success, but rather on his conduct while on pretrial release following the original Indictment, and on the Violation conduct itself." Appellant Br. 11.

"We review a sentence for substantive reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).[1] As we have explained, a district court is said to err "substantively" only in exceptional cases, "where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190. In conducting this review, "we may take the degree of variance into account and consider the extent of a deviation from the Guidelines. . . . A major departure should be supported by a more significant justification than a minor one." *Thavaraja*, 740 F.3d at 259 (alteration in original) (internal quotation marks omitted). *See generally United States v. Park*, --- F.3d ----, No. 13-4142-cr, 2014 WL 3289493, at *3–5, (2d Cir. July 9, 2014) (explaining substantive unreasonableness).

The District Court's 24-month sentence—14 months above the range recommended by the applicable Sentencing Commission policy statement, but 26 months below the statutory maximum of five years—is well within the range of permissible decisions in these circumstances. Here, the District Court appropriately "ma[d]e an individualized assessment based on the facts presented." *Gall*, 552 U.S. at 50. As to Mendez's argument about his participation in the "Shock Incarceration Program," that argument was presented to, and considered by, the District Court. Rather than give great weight to that participation, Judge Ross concluded that leniency was not warranted in this "extraordinary case" and that there was a "virtual inevitability of violent recidivism." App'x 58. These conclusions were amply supported by the record, and well within the "very wide latitude" afforded to a sentencing judge "to decide the proper degree of punishment for an individual offender and a particular crime." *Cavera*, 550 F.3d at 188. Considering the totality of the circumstances and the egregious conduct that constituted Mendez's violation of supervised release, we cannot conclude that his sentence constitutes a "manifest injustice," "shock[s] the conscience," or is in any other way substantively unreasonable. *United States v. Rigas*, 583 F.3d 108, 123–24 (2d Cir. 2009); *see also Park*, 2014 WL 3289493, at *4.

---

[1] We have not yet had occasion to decide "whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence." *Thavaraja*, 740 F.3d at 258 n.4. Although Mendez did not object to the substantive reasonable of his sentence in the District Court, we assume for the sake of this appeal that abuse-of-discretion review applies. *See United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008).

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the judgment of the District Court, dated September 24, 2013.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court