13-4016-cr
*United States v. White*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of December, two thousand fourteen.

PRESENT:    JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
            PETER W. HALL,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee,*

       v.                                No. 13-4016-cr

JACOB WHITE,

    *Defendant-Appellant.*

---

**FOR JACOB WHITE:**               Nicholas J. Pinto, New York, NY.

**FOR UNITED STATES OF AMERICA:**  Kevin Dooley, Rajit S. Dosanjh, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Jacob White appeals from the District Court's October 2, 2013 judgment convicting him, following his guilty plea, of three violations of the conditions of his supervised release, in violation of 18 U.S.C. § 3583(e)(3), and sentencing him to 24 months' imprisonment. Defendant challenges only his sentence on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review criminal sentences for "reasonableness" under a deferential abuse-of-discretion standard. *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc). A sentence is substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted). *See generally United States v. Park*, 758 F.3d 193, 199–201 (2d Cir. 2014).

Upon review of the record and relevant law, we conclude that the District Court's above-guidelines sentence of 24 months' imprisonment was substantively reasonable. Considering the totality of the circumstances—including the District Court's emphasis on defendant's history of drug addiction, his "extensive pattern" of failing to comply with the conditions of his supervised release, the danger he posed to himself and the public, and the high likelihood of recidivism—we cannot conclude that the District Court's sentence was outside "the range of permissible decisions" or otherwise an abuse of discretion. *Park*, 758 F.3d at 200; *Cavera*, 550 F.3d at 189.

We have considered all of the arguments raised by defendant on appeal and find them to be without merit. For the reasons stated above, the October 2, 2013 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2