14-3860-cr
*United States v. Conway*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand fifteen.

PRESENT:

JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
DENNY CHIN,
     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
     *Appellee,*

     -v.-                           No. 14-3860-cr

WILLIAM J. CONWAY,
     *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | RICHARD M. LANGONE, Langone & Associates, PLLC, Garden City, New York. |
| **FOR APPELLEE:** | MICHAEL P. CANTY, Susan Corkery, Assistant United States Attorneys, *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York. |

Appeal from an October 6, 2014 judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 6, 2014 judgment of the District Court is **AFFIRMED**.

Defendant William J. Conway appeals from a judgment entered in the District Court convicting him, following a guilty plea, of conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 841 (b)(1)(C). The District Court sentenced Conway principally to a term of 96 months' imprisonment and a three-year term of supervised release.

On appeal, Conway contends that (1) his sentence was procedurally unreasonable, and (2) the District Court erred in denying his request to subpoena the records of other medical doctors in preparation for his *Fatico* hearing. *See United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## DISCUSSION

### I. Procedural Reasonableness

Our review of a sentence for reasonableness amounts to a "review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008). A district court abuses its discretion "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot (In Re Sims)*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citation and quotation marks omitted). When reviewing a procedural unreasonableness claim, we focus on whether the sentencing court followed all the necessary steps in deciding upon a sentence. *United States v. Park*, 758 F.3d 193, 197 (2d Cir. 2014). A sentencing decision is procedurally unreasonable when a district court "makes a mistake in its Guidelines calculation, does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *United States v. Hsu*, 669 F.3d 112, 120 (2d Cir. 2012) (internal quotation marks and ellipsis omitted).

Conway argues that his sentence was procedurally unreasonable because: (1) the District Court erroneously believed that defendant agreed to a sentencing guidelines base offense level of 37, and (2) the District Court presumed that Conway did not have a good faith belief that Giovanni Manzella, the deceased victim, had a legitimate medical need for oxycodone.

Beginning with Conway's first contention, defendant is correct that at the outset of the *Fatico* hearing the District Court erroneously stated that the parties had agreed to a base offense level of 37. J.A. 267. Immediately thereafter, however, defendant's counsel notified the District Court of its mistake. *Id.* Importantly, Conway points to no harm in his sentencing that was caused by the District Court's momentary oversight. Indeed, the entire purpose of the *Fatico* hearing—and the well-reasoned August 7, 2014 ruling of the District Court—was to determine the base offense level, which was eventually set at 38. *See id.* at 229, 269. Because the record is clear that the District Court understood that the parties were in dispute regarding the base offense level, and because we perceive

2

no harm to defendant as a result of the District Court's initial mistake, defendant's procedural unreasonableness claim on this score is without merit.

Conway's second contention is that the District Court improperly presumed that all narcotics prescriptions written by him during the indictment period lacked a legitimate medical purpose. Specifically, Conway claims that the District Court erroneously removed the burden on the government "to prove the illegitimacy in *each instance* it claims Dr. Conway improperly prescribed oxycodone." Appellant's Br. 23. Conway also claims that he was denied "a presumption of 'good faith' in treating his patients, including Giovanni Manzella,"who died as a result of using oxycodone. *Id.* at 20.

These contentions, however, are misguided. Conway pleaded guilty to conspiring to prescribe oxycodone without any "legitimate medical purpose" during the time period when Manzella died. G.A. 14. Thereafter, the District Court held a *Fatico* hearing to determine whether the sentencing enhancement applied. Based on the evidence presented during the *Fatico* hearing— including the testimony of a detective and an expert in pain management—the District Court found, by a preponderance of the evidence, that Conway's distribution of oxycodone was illegal and caused the death of Manzella. J.A. 228-29. Accordingly, we observe no procedural unreasonableness in Conway's sentence.

## II. Denial of Conway's Request to Subpoena Other Medical Records

A court "may quash . . . [a] subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c). We review a district court's ruling on a motion to quash a subpoena for abuse of discretion. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). Indeed, "[e]nforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *United States v. Nixon*, 418 U.S. 683, 702 (1974).[1] A party seeking the enforcement of a subpoena "must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition." *Id.* at 699-700 (footnote and internal quotation marks omitted).

Conway contends that the District Court erred in quashing his subpoenas for Manzella's medical records held by other medical professionals who previously prescribed him oxycodone. This claim, however, fails to satisfy the relevancy prong of *United States v. Nixon*. Because none of the relevancy explanations raised by defendant, *see* Appellant's Br. 27-30, bear on the basic question of

---

[1] While the case law cited here relates to pretrial subpoenas, the same analysis is required in a case, such as this one, where defendant already pleaded guilty but sought documents relating to his *Fatico* hearing.

whether Conway unlawfully distributed the oxycodone that caused the death of Manzella, the District Court did not err in denying his motion.

## **CONCLUSION**

We have considered Conway's remaining arguments and find them without merit. Accordingly, we **AFFIRM** the October 6, 2014 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court