16-2906-cr
*United States v. Werner*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand seventeen.

Present:
     ROBERT A. KATZMANN,
          *Chief Judge*,
     RAYMOND J. LOHIER, JR.,
     CHRISTOPHER F. DRONEY,
          *Circuit Judges*.

———————————————————————————

UNITED STATES OF AMERICA,

          *Appellee*,

                    v.                                        No. 16-2906-cr

EDWARD WERNER,

          *Defendant-Appellant*.

———————————————————————————

For Defendant-Appellant:                    DEVIN MCLAUGHLIN, Langrock Sperry
                                            & Wool, LLP, Middlebury, VT.

1

For Appellee:                                    PAUL D. SILVER (Solomon B. Shinerock, *on the brief*), *for* Grant C. Jaquith, Acting United States Attorney for the Northern District of New York, Albany, NY.

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Edward Werner appeals from the judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*) sentencing him to 121 months' imprisonment, 15 years of supervised release, and a $3,000 fine for receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), 2256(8). Werner was investigated by law enforcement officials for having accessed a child pornography website. During questioning by law enforcement, Werner voluntarily provided a written statement admitting that he had, on numerous occasions, engaged in sexual contact with his three daughters when they were infants. The statement also indicated that Werner had rubbed the legs, arms, and thighs of seven of his daughters' friends when they were about seven or eight years old. Werner pleaded guilty to receipt of child pornography pursuant to a plea agreement. The probation office, and the district court at sentencing, calculated a Sentencing Guidelines range of 121 to 151 months' imprisonment, based on a total offense level of 32 and a criminal history category of I. We assume the parties' familiarity with the remaining facts and the procedural history of the case.

First, Werner argues that the district court erred in determining that it could not depart downward under U.S.S.G. § 5K2.16 ("Voluntary Disclosure of Offense"). "The district court's

interpretation and application of the Sentencing Guidelines is a question of law, which we review *de novo*." *United States v. Kent*, 821 F.3d 362, 368 (2d Cir. 2016). U.S.S.G. § 5K2.16 reads as follows:

> If the defendant voluntarily discloses to authorities the existence of, and accepts responsibility for, the offense prior to the discovery of such offense, and if such offense was unlikely to have been discovered otherwise, a downward departure may be warranted. For example, a downward departure under this section might be considered where a defendant, motivated by remorse, discloses an offense that otherwise would have remained undiscovered. This provision does not apply where the motivating factor is the defendant's knowledge that discovery of the offense is likely or imminent, or where the defendant's disclosure occurs in connection with the investigation or prosecution of the defendant for related conduct.

Werner contends that he should have received a downward departure under U.S.S.G. § 5K2.16 for the voluntary disclosure of his abuse of his daughters. However, as his counsel conceded during oral argument, Werner's "disclosure occur[red] in connection with the investigation or prosecution of [Werner] for related conduct," *id.*, namely his receipt of child pornography. Therefore, based on this concession, Werner was not eligible for a downward departure under U.S.S.G. § 5K2.16.

Second, Werner argues that the district court erred in applying a Guidelines enhancement for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor" pursuant to U.S.S.G. § 2G2.2(b)(5). Yet in Werner's plea agreement, he stipulated to having "engaged in a pattern of activity involving the sexual abuse and exploitation of a minor within the meaning of U.S.S.G. § 2G2.2(b)(5)." Def.-Appellant App. 19. The government argues that Werner has thus waived his claim that the § 2G2.2(b)(5) enhancement does not apply, while Werner argues for the application of the "plain error" standard. We need not resolve the question

3

of which standard of review applies, because even if plain error review applies, the district court did not plainly err in applying the § 2G2.2(b)(5) enhancement. Plain error review requires that:

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Marcus*, 560 U.S. 258, 262 (2010) (brackets and internal quotation marks omitted). Here, Werner acknowledges that his abuse of his daughters qualified as "sexual abuse or exploitation" within the meaning of the § 2G2.2(b)(5) enhancement. The district court applied the § 2G2.2(b)(5) enhancement based partially on this very conduct. Any error in applying this enhancement based *also* on Werner's conduct with his daughters' friends was therefore harmless and did not affect Werner's substantial rights. Additionally, the fact that Werner's abuse of his daughters occurred several years before his offense of conviction does not preclude the application of § 2G2.2(b)(5). *See United States v. Reingold*, 731 F.3d 204, 223–24 (2d Cir. 2013).

Third, Werner argues that his sentence is substantively unreasonable. A sentence is substantively unreasonable if it is "outside the range of permissible decisions," *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014) (per curiam), so that "affirming it would . . . damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013) (alteration in original) (internal quotation marks omitted). Although Werner was a first-time offender whose offense was receipt of child pornography, the district court took note of the seriousness of Werner's conduct in viewing specific types of images, as well as Werner's

4

behavior with his daughters and their friends. Moreover, the district court in this case explicitly considered Werner's argument at sentencing that the Guidelines enhancements that had raised his base offense level were problematic, and the court decided that in Werner's case, the application of these enhancements was appropriate. Further, it is not the case, as in *Jenkins*, that Werner did not "contact[] or attempt[] to contact a child or . . . engage[] in any sexually dangerous behavior separate from his crimes of conviction." *United States v. Jenkins*, 854 F.3d 181, 190 (2d Cir. 2017) (internal quotation marks omitted). Based on the record in this case, we cannot conclude that the district court's sentence falls "outside the range of permissible decisions." *Park*, 758 F.3d at 200. Consequently, we reject Werner's substantive reasonableness challenge to his sentence.

We have considered all of Werner's remaining arguments and find in them no basis for vacatur. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5