18-2951-cr
*United States v. Wannamaker*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

> **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand nineteen.**

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                              No. 18-2951-cr

TIMMEY ZIMMEY WANNAMAKER,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | DARRELL FIELDS, Assistant Federal Public Defender, Federal Defenders of New York, Inc., New York, NY. |
| For Appellee: | DAVID K. KESSLER (Jo Ann M. Navickas, *on the brief*), Assistant United States Attorneys, *for* Richard P. Donoghue, United States |

1

Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Timmey Zimmey Wannamaker appeals from a judgment of the United States District Court for the Eastern District of New York (Ross, *J.*) entered September 18, 2018, sentencing him principally to twenty-two months in prison for violating the conditions of his supervised release, to run consecutive to a three-year state sentence imposed for the criminal conduct underlying the violation. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Wannamaker argues, first, that his sentence was procedurally unreasonable. "A district court commits procedural error where it makes a mistake in its Guidelines calculation, does not consider the [18 U.S.C.] § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *United States v. Hsu*, 669 F.3d 112, 120 (2d Cir. 2012).[1] "To reject a finding of fact as clearly erroneous, we must, upon review of the entire record, be 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). As Wannamaker failed to raise any procedural objections during sentencing, we review for plain error. *See United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012).

―――――――――

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes, and citations are omitted.

The record does not support Wannamaker's contention that the district court improperly relied upon an erroneous factual finding—that Wannamaker, "[w]hen sentenced in South Carolina for the underlying offense, … had been adjudicated a career offender," App. 141—in fashioning its sentence. This statement was not a finding of fact by the district court, but appears to have been an inaccurate summary of the Presentence Investigation Report prepared for Wannamaker's sentencing on the underlying crime, which stated that Wannamaker was an armed career criminal within the meaning of United States Sentencing Guidelines (U.S.S.G.) § 4B1.4, not a career offender under U.S.S.G. § 4B1.1. The record surrounding this statement, which was made in the course of summarizing Wannamaker's extensive criminal history, indicates that the district court's concern was with the length and severity of Wannamaker's criminal history, which the district court described as relevant to the sentencing factors of specific deterrence and public safety, not with whether Wannamaker qualified for a particular sentencing enhancement. Moreover, the designation was irrelevant to the sentencing at hand, as Wannamaker's sentencing range was determined solely by the grade of the violation concerned and his criminal history category, which were undisputed. *See* U.S.S.G. § 7B1.4. The district court confirmed that it based its sentence upon considerations of personal deterrence, public safety, and Wannamaker's repeated breaches of the court's trust, which are appropriate factors under 18 U.S.C. §§ 3553(a) and 3583(e), not upon any offender status. Accordingly, we conclude that Wannamaker has failed to show that the district court's sentence was procedurally unreasonable.

Wannamaker argues, second, that his sentence was substantively unreasonable. A district court commits substantive error when it imposes a sentence that either "lacks a proper basis in the record," leaves an appellate court "with the definite and firm conviction that a mistake was made in assessing the evidence," or is "shockingly high, shockingly low, or otherwise unsupportable as

3

a matter of law." *United States v. Park*, 758 F.3d 193, 202 (2d Cir. 2014). Wannamaker argues that his sentence was unreasonable because it placed too much weight upon the seriousness of the conduct underlying his violation and his criminal history. But the district court was not prohibited from considering the seriousness of the underlying violation or Wannamaker's criminal history to a "limited degree." *See* U.S.S.G. Ch. 7, pt. A., introductory cmt. 3(b). And § 3583(e) specifically instructs district courts to consider the § 3553(a)(1) factors, which are "the nature and circumstances of the offense and the history and characteristics of the defendant," when imposing sentence in a violation of supervised release case. *See United States v. Williams*, 443 F.3d 35, 48 (2d Cir. 2006) ("Further, § 3583(e) cannot reasonably be interpreted to exclude consideration of the seriousness of the releasee's violation, given the other factors that must be considered."). Review of the entire sentencing transcript demonstrates that the district court was influenced primarily not by the seriousness of the underlying offense and Wannamaker's criminal history, but by Wannamaker's repeated breaches of the court's trust.

Wannamaker also argues that his sentence was substantively unreasonable because it was longer than necessary to address the breach of trust that his violations represented, especially given the amount of time Wannamaker had already served in prison. However, "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge[.]" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). The district court's sentence, while above the Guidelines range calculated by the Probation Office, was lower than the sentence recommended by the Probation Office. Moreover, both parties acknowledged that the Probation Office's calculation did not reflect the proper grade level of Wannamaker's violation, and the district court's sentence was within what would have been the Guidelines range

4

if the grade level had been adjusted.[2] The district court here adequately explained its decision to impose a sentence of twenty-two months by references to the applicable factors listed in §§ 3553(a) and 3583(e).[3] Accordingly, we conclude that the district court's sentence was within the range of permissible decisions.

We have considered all of Wannamaker's remaining contentions on appeal and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Defense counsel acknowledged, and the government agreed, that the Probation Office had erred in its calculation associated with the grade level of Wannamaker's New York State conviction for assault, which should have been classified as a "B" violation, leading to a Guidelines range of 21-27 months rather than 8-14 months. **[A132 n.1, 134 n.1, 138-39]**

[3] For instance, the district court stressed that Wannamaker had violated his supervised release three times and had previously been sentenced leniently for the first violation. **[A140]** *Cf. United States v. Verkhoglyad*, 516 F.3d 122, 129-30 (2d Cir. 2008) (leniency on previous sentences may justify an upward departure for violating probation).

5