*United States v. Cook*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 24-846

JOEL COOK,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | Lisa H. Fletcher, Rajit S. Dosanjh, Assistant United States Attorneys, *on behalf of* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |
| For Defendant-Appellant: | Melissa A. Tuohey, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY. |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Nardacci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Joel Cook appeals from a judgment of the United States District Court for the Northern District of New York (Nardacci, *J.*), entered on March 20, 2024, upon a guilty plea, sentencing him to a 151-month term of imprisonment and a 15-year term of supervised release for (1) attempting to persuade, induce, entice, and coerce a minor to engage in sexual activity that would have violated New York Penal Law § 130.45(1) and § 130.55, all in violation of 18 U.S.C. § 2422(b); and (2) possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 942(a)(8). On appeal, Cook argues that his sentence is substantively unreasonable because the district court improperly weighed the 18 U.S.C. § 3553(a) sentencing factors.[1] We disagree. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review sentences for substantive reasonableness, "reversing only when the trial court's sentence cannot be located within the range of permissible decisions. In reviewing the substantive reasonableness of a sentence, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts. We do not presume that a Guidelines sentence is necessarily substantively reasonable." *United States v. Young*, 811 F.3d 592, 599 (2d Cir. 2016) (internal citations and quotation marks omitted). In assessing the substantive reasonableness of a sentence,

---

[1] While Cook also claims that his sentence is procedurally unreasonable, he does not present any arguments in support of this claim. Accordingly, he has abandoned any such argument. *See, e.g.*, *United States v. Botti*, 711 F.3d 299, 313 (2d Cir. 2013) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

"we use as our lodestar the parsimony clause of 18 U.S.C. § 3553(a), which directs sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the factors set out in 18 U.S.C. § 3553(a)(2)." *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014) (internal quotation marks and modifications omitted).

Here, the crux of Cook's argument is that "[t]he district court "was *required* to impose a sentence that provides Cook with needed treatment in the most effective manner" and failed to do so. Appellant Br. 19 (emphasis added). Cook is mistaken. "[T]he requirement to *consider* § 3553(a) factors 'is not synonymous' with any requirement that a particular factor 'be given determinative or dispositive weight' in the identification of the appropriate sentence. Rather, the weight to be afforded any § 3553(a) factor 'is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable.'" *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (citations omitted) (emphasis added) (quoting *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007)).

Here, the district court did not abuse its discretion in imposing a bottom-of-the-Guidelines-range sentence. Section 3553(a)(2)(D) provides that a sentencing court "shall *consider . . .* the need for the sentence imposed . . . to provide the defendant with needed . . . medical care[] or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(D) (emphasis added). The district court did just that. At sentencing, Cook's counsel explained, in detail, "the terrible abuse that [Cook] suffered at the hands of the youth director at the church [] he attended as a child." App'x 135. Thereafter, the court specifically noted, "Mr. Cook, I have considered your physical health issues, your history of alcohol abuse, *and your history of sexual abuse as a child, for which you have never received treatment*." App'x 139 (emphasis added). It then went

on to find that some of the other Section 3553(a) factors, including the need to provide just punishment and the need to protect the public, weighed in favor of a higher sentence. *Id.* ("[B]ased upon the very serious nature of your offense, which was predatory in nature, and the danger you present to the community, . . . a guideline sentence is in fact warranted."). *Id.* It did not err in doing so.

\* \* \*

We have considered Cook's remaining arguments and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4