13-3641-cr
*United States v. Wallace*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fifteen.

PRESENT:    GUIDO CALABRESI,
            JOSÉ A. CABRANES,
            REENA RAGGI,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

       *Appellee,*                                    No. 13-3641-cr

       v.

MATTHEW WALLACE,

       *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**    JONATHAN J. EINHORN, New Haven, CT.

**FOR APPELLEE:**    NEERAJ N. PATEL, Marc H. Silverman, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney, District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Matthew Wallace appeals from his judgment of conviction and the sentence imposed on him by the District Court on September 18, 2013.

## BACKGROUND

On March 6, 2013, Wallace was convicted after a jury trial of one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

After his conviction, the United States Probation Office issued a Presentence Report ("PSR"), which calculated Wallace's exposure under the U.S. Sentencing Guidelines ("Guidelines"). The PSR set Wallace's offense level at 33, which was calculated by taking the base offense level of 22, *see* U.S.S.G. § 2G2.2(a)(2), and then applying: (1) a two-level reduction because Wallace did not intend to distribute the pornographic material in question, *id.* § 2G2.2(b)(1); (2) a two-level enhancement because this material involved prepubescent minors, *id.* § 2G2.2(b)(2); (3) a four-level enhancement because this material included sadistic or masochistic conduct or other depictions of violence, *id.* § 2G2.2(b)(4); (4) a two-level enhancement because Wallace's offense involved the use of a computer, *id.* § 2G2.2(b)(6); and (5) a five-level enhancement because the offense involved 600 or more images, *id.* § 2G2.2(b)(7)(D). Accordingly, within criminal history category I, Wallace's prescribed sentencing range under the Guidelines was 135 to 168 months' imprisonment.

On September 17, 2013, the District Court principally sentenced Wallace to a term of 100 months' imprisonment. Wallace is currently incarcerated.

## DISCUSSION

Wallace raises three separate issues on appeal, which we address in turn.

### A.

First, Wallace challenges various aspects of the District Court's jury instructions. We review claims of error in jury instructions *de novo*. *See United States v. Kozeny*, 667 F.3d 122, 130 (2d Cir. 2011). If we find error, we will vacate a criminal conviction "only if the error was prejudicial; we will not disturb the judgment if the error was harmless." *United States v. Goldstein*, 442 F.3d 777, 781 (2d Cir. 2006). If a defendant fails to object to a jury instruction, we review only for plain error. *United States v. Ferguson*, 676 F.3d 260, 276 (2d Cir. 2011).

Assuming that Wallace preserved his objections to the jury instructions, we conclude that these objections lack merit under any standard of review. Based on our review of the record, it is

clear that the District Court *did* specifically instruct the jury to consider the two counts in the indictment separately, and *did* appropriately instruct the jury as to how it should evaluate Wallace's testimony. We also conclude that the District Court properly instructed the jury: (1) as to the "knowing" element of the crimes; (2) to disregard stricken testimony; and (3) regarding expert and law enforcement testimony. Finally, we reject Wallace's claim that the District Court gave its instructions with a pro-government bias or in a manner that was presumptive of guilt. Accordingly, we conclude that the District Court did not commit error—much less plain error—in instructing the jury in this case.

**B.**

Second, Wallace asserts that the District Court admitted evidence that it should have excluded under Federal Rule of Evidence 403. Specifically, Wallace claims that the District Court should not have admitted any evidence or testimony concerning: (1) his possession of a pornographic magazine that advertised "barely legal teens"; (2) his possession of discs and computer files depicting bestiality; and (3) his paid membership in an adult pornography website.

In light of the District Court's "superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice," *United States v. Abu-Jihaad*, 630 F.3d 102, 131 (2d Cir. 2010), we will "not overturn the district court's decision to admit or reject evidence absent an abuse of discretion," *United States v. Ramirez*, 609 F.3d 495, 499 (2d Cir. 2010). "Under Rule 403, so long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006).

Wallace's defense at trial was that he did not knowingly or intentionally download the child pornography that was found on his computer. The three items of evidence that Wallace challenges here were used to rebut this defense. Upon our review of the record, we find no error in the District Court's decision to admit this evidence, much less an "abuse of discretion." *See generally Sims v. Blot (In re Sims)*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion"); Joseph T. Sneed, *Trial-Court Discretion: Its Exercise by Trial Courts and Its Review by Appellate Courts*, 13 J. App. Prac. & Process 201, 207–08 (2012) (commentary by the late Judge Sneed, a former Dean of Duke Law School, on the several possible meanings of "abuse of discretion").

The first item of evidence—a magazine entitled "Hawk"—was used to show that Wallace had a sexual interest in young girls. The magazine's cover advertised "the youngest girls allowed by law" and depicted naked women posing as school girls. It is undisputed that this magazine belonged to Wallace. The risk of unfair prejudice from this evidence was minimized by the parties' agreement before trial that the Government would only introduce the front cover of the magazine, as well as general testimony about its contents. Moreover, the District Court gave a limiting instruction along the lines that Wallace was not on trial for adult pornography. Wallace did not object to that

3

instruction or seek any further instructions. We conclude that the District Court did not abuse its discretion in determining that the danger of unfair prejudice from this evidence did not substantially outweigh its probative value. *See* Fed. R. Evid. 403.

The second item of evidence—discs and files depicting bestiality—was used to prove identity, in that it helped show that Wallace was the person who downloaded the child pornography. The forensic examination of Wallace's computer showed that, on May 27, 2010, a date on which Wallace's computer was used to download child pornography, it was also used to visit websites associated with bestiality. Moreover, the forensic examination uncovered a download history from the eMule file-sharing program, and among the files downloaded were those containing child pornography and bestiality. Therefore, by establishing that Wallace had an interest in bestiality, the Government was able to make it more likely that the person who downloaded child pornography while browsing bestiality websites was in fact Wallace. Any risk of unfair prejudice from this evidence was minimized by the Government's agreement not to introduce any actual *images* of bestiality to the jury. Moreover, the District Court gave a limiting instruction to make clear to the jury that Wallace was not on trial for bestiality or adult pornography. Wallace did not object to this instruction or seek any further instructions. We conclude that the District Court did not abuse its discretion in determining that the danger of unfair prejudice from this evidence did not substantially outweigh its probative value.

The third item of evidence—Wallace's paid membership in an adult pornography website—was also used to prove identity. Wallace admitted to agents that he was a member of this pornography website and that the password to his computer was "westerly6." The forensic examination of his computer revealed that on May 27, 2010, at the same time child pornography was being downloaded, a user of the computer visited the adult pornography site and accessed it using the password "westerly6." This evidence therefore helped establish that Wallace was the person who both accessed the adult pornography site and downloaded the child pornography. Any risk of unfair prejudice from this evidence was minimized by the District Court's limiting instruction, which stated that Wallace was not on trial for adult pornography. Wallace did not object to this instruction or seek any further instructions. We conclude that the District Court did not abuse its discretion in determining that the danger of unfair prejudice from this evidence did not substantially outweigh its probative value.

## C.

Finally, Wallace challenges his sentence of 100 months' imprisonment. We review criminal sentences for "reasonableness" under a deferential abuse-of-discretion standard. *United States v. Cavera*, 550 F.3d 180, 187–89 (2d Cir. 2008) (en banc). A sentence is *procedurally* unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*,

4

714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). A sentence is *substantively* unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted); *see generally United States v. Park*, 758 F.3d 193, 199–201 (2d Cir. 2014). The substantive reasonableness standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Upon our review of the record, we conclude that the District Court was both procedurally and substantively reasonable in sentencing Wallace. The District Court correctly calculated Wallace's Sentencing Guidelines range, properly considered the factors set forth in § 3553(a), and adequately explained its chosen sentence. Moreover, Wallace's sentence of 100 months' imprisonment—which was 35 months below the bottom of his Guidelines' sentencing range—was not shockingly high or otherwise unsupportable as a matter of law. Wallace was convicted of the serious offense of possessing several videos and hundreds of images containing child pornography, much of which involved prepubescent minors. Considering these circumstances, the sentence imposed by the District Court was well within the "range of permissible decisions." *Park*, 758 F.3d at 200; *Cavera*, 550 F.3d at 191.

## CONCLUSION

We have considered all of the arguments raised by Wallace on appeal and find them to be without merit. For the reasons stated above, the September 17, 2013 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5