13-228-cr, 13-3459-cr
*United States v. Seabrook*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand fourteen.

PRESENT:    GUIDO CALABRESI,
            DENNY CHIN,
                    *Circuit Judges.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

                                                        13-228-cr,
            v.                                          13-3459-cr

LARRY SEABROOK,

                    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                      Karl N. Metzner, Steve C. Lee, and Michael A.
                                   Levy, Assistant United States Attorneys, *for*

---

\*          Because Judge Raymond J. Lohier, Jr., originally assigned to the panel, recused himself from this case, the remaining two judges issue this order in accordance with Second Circuit Internal Operating Procedure E(b).

Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT: Ryan Thomas Truskoski, Ryan Thomas Truskoski, P.A., Harwinton, CT.

Appeal from the United States District Court for the Southern District of New York (Batts, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** for further proceedings.

Defendant-appellant Larry Seabrook appeals from a judgment entered January 17, 2013 in the United States District Court for the Southern District of New York following a six-week jury trial convicting him of nine counts of conspiring to commit and committing mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1349. The district court sentenced Seabrook principally to 60 months' imprisonment and ordered him to pay restitution of $619,715.24.

Seabrook claims, for the first time on appeal, that he was denied his constitutional right to a public trial because individuals were excluded from the courtroom during *voir dire*. To support his claim, Seabrook submitted affidavits to this Court from his brother, a friend, and a former constituent contending that the district court's deputy clerk asked them and others to leave the courtroom for a substantial portion of jury selection. Although Seabrook did not raise this claim below, "[g]iven the exceptional importance of the right to a public trial," we consider it nonetheless. *United*

*States v. Gupta*, 699 F.3d 682, 689 (2d Cir. 2012); *see Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("Entertaining issues raised for the first time on appeal is discretionary with the panel hearing the appeal.").  We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

**A.     *Applicable Law***

The Sixth Amendment guarantees a defendant's right to a public trial, and this right "unquestionably extends to *voir dire*."  *Gupta*, 699 F.3d at 687.  "[E]xcluding the public for all of *voir dire* without justification grounded in the record . . . is not trivial," *id.* at 689 (internal quotation marks omitted), and, "in all but the rarest of cases, require[s] reversal," *id.* at 687.  Moreover, a defendant does not forfeit his Sixth Amendment claim by failing to "object contemporaneously to the exclusion of the public during *voir dire*" if "trial counsel was unaware of the closure at the time it occurred."  *Id.* at 689.

**B.     *Application***

We conclude that supplemental fact finding as to whether members of the public were excluded during jury selection is required to determine whether Seabrook's Sixth Amendment right to a public trial was violated.

Seabrook claims that the public was excluded from the courtroom.  Specifically, he points to the district court's statements that (1) "If the jury is ready to come in then I'm going to have to ask our visitors to vacate the seats so that we have a

place for the jury" and (2) "The media is out there." Appellant's Br. at 22. Moreover, in a motion for supplemental fact finding to this Court, Seabrook alleged that three people -- his brother, Oliver Seabrook, his friend, Carl L. Green, and one of his former constituents, Stuart Edwards -- were in fact excluded from the courtroom during *voir dire*. Seabrook also submitted affidavits to this Court to support his claim.

The Government argues, in turn, that the first statement Seabrook points to in the record merely reflects the district court's request that visitors vacate their seats, not leave the courtroom. Further, the Government explains that the district court's reference to "out there" was to the courtroom itself, as the statement was made in the jury room while the parties were exercising preemptory challenges. The Government also objects to Seabrook's claim that members of the public were in fact excluded because "[a]n appeal does not provide a mechanism for a defendant to raise claims for the first time and then obtain fact finding in support of those claims." Appellee's Opp. to Mot. for Remand of Appeal at 3.

As an initial matter, while we take note of the affidavits submitted on appeal, we do not resolve the factual issues they raise. *See* Fed. R. App. P. 10(e)(1) ("If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly"). We do, however, conclude that Seabrook's claim that at least three people were excluded from the courtroom during jury selection warrants

further fact finding. Indeed, in *United States v. Gupta* we remanded the case for supplemental fact finding in circumstances analogous to those we confront here. Specifically, "while his appeal was pending before this Court," Gupta "submitted a letter to this Court in which he alleged for the first time that the district court had violated his Sixth Amendment right by closing the courtroom during *voir dire*" because his brother and his companion had been instructed by the courtroom deputy to leave the courtroom. *Gupta*, 699 F.3d at 686.

Further, the limited record before us on the issue is unclear. The district court must, therefore, clarify whether people were excluded from the courtroom. *See Grimo v. Blue Cross/Blue Shield of Vt.*, 34 F.3d 148, 152-53 (2d Cir. 1994) (remand is proper where factual record is "unclear"). Moreover, if members of the public were asked to leave, the district court should make findings as to whether defense counsel was aware that people were excluded. These findings are necessary before we can determine whether Seabrook's Sixth Amendment rights were violated and, if so, whether he waived the claim. Moreover, the district court has not considered the issue. *See Connors v. Ct. Gen. Life Ins. Co.*, 272 F.3d 127, 137 (2d Cir. 2001) (remand is appropriate when district court has not considered an issue in the first instance). We remand for the district court to supplement the record and determine in the first instance whether

Seabrook's Sixth Amendment right to a public trial was violated and, if so, whether Seabrook forfeited this claim.[1]

Accordingly, we **REMAND** the case for further proceedings. After the district court has made its additional findings and determinations, either party may restore jurisdiction to this Court by filing with the Clerk a letter advising the Clerk that jurisdiction should be restored. For disposition of this appeal, this matter shall be referred to a new panel in the ordinary course.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The Government suggests that we decide the appeal now without remanding to the district court because Seabrook may move for a new trial pursuant to Rule 33 while the appeal is pending. We decline to adopt the suggestion. First, as discussed above, we cannot resolve Seabrook's Sixth Amendment claim on the record before us. Second, in our view, this is not the most efficient way to proceed. For example, if, on remand, the district court determines that Seabrook's Sixth Amendment rights were violated and it orders a new trial, Seabrook's remaining arguments on appeal would be rendered moot.