13-228-cr(L)
*United States v. Seabrook*

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand fifteen.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
> *Appellee,*

-v.-

LARRY SEABROOK,
> *Defendant-Appellant.*

Nos. 13-228-cr(L);
13-3459-cr(Con)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**          Ryan Thomas Truskoski, Esq., Harwinton, CT.

**FOR APPELLEE:**          Karl N. Metzner, Steve C. Lee, Michael A. Levy, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a January 17, 2013 judgment of conviction in the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 17, 2013 judgment of the District Court is **AFFIRMED**.

Defendant-appellant Larry Seabrook appeals a judgment of conviction entered in the District Court after a jury found him guilty of nine counts of conspiring to commit and committing mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1349. The District Court sentenced Seabrook principally to a term of 60 months' imprisonment and ordered him to pay restitution of $619,715.24.

On appeal, Seabrook contends that (1) the evidence was insufficient to support the jury's guilty verdict, (2) the District Court improperly limited his cross-examination of a government witness, (3) the indictment was constructively amended, (4) the District Court erred in calculating the amount of loss and restitution, and that (5) the District Court erred in denying his post-judgment motion for a new trial based upon newly discovered evidence.[1] We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## DISCUSSION

### I. Sufficiency of the Evidence

We review a claim of insufficient evidence *de novo. See United States v. Reyes,* 302 F.3d 48, 52-53 (2d Cir. 2002). In challenging the sufficiency of the evidence, a defendant bears a heavy burden. *See United States v. Griffith*, 284 F.3d 338, 348 (2d Cir. 2002). After viewing the evidence in the light most favorable to the government, *see United States v. Jones*, 393 F.3d 107, 111 (2d Cir. 2004), we will uphold a jury verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson* v. *Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The evidence at trial proved that Seabrook, who was a member of the New York City Council, used his position to steer large sums of money to non-profits that he controlled in the Bronx. Instead of supporting the community, Seabrook used his network of non-profits to support his girlfriend and his family members, employees of these organizations, despite knowing that they were unqualified to perform their responsibilities under the various contracts with New York City (the "City"). Indeed, the Government presented evidence that hardly any work was done by these non-profits despite receiving over $1 million in City funds. The evidence at trial also proved that Seabrook and his cronies scammed the City through a scheme where a Seabrook-controlled entity

---

[1] Seabrook initially asserted that he also was denied his constitutional right to a public trial because individuals were excluded from the courtroom during *voir dire.* Following a remand from our Court for supplemental fact finding on the issue, *see United States v. Seabrook*, 571 F. App'x 27 (2d Cir. 2014), and further proceedings in the District Court (P. Kevin Castel, *Judge*), Seabrook stated that he is no longer pursuing this argument on appeal. *See* Appellant's Ltr. dated Dec. 26, 2014.

charged inflated rent payments to a Seabrook-controlled non-profit while footing the taxpayer with the bill. In sum, a rational trier of fact would have little difficulty finding beyond a reasonable doubt that Seabrook committed the crimes alleged.

## II. Cross-Examination of Government Witness

A trial judge's decision to limit cross-examination is reviewed for abuse of discretion. *See United States v. Figueroa*, 548 F.3d 222, 226–27 (2d Cir. 2008). The district court abuses its discretion "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot (In Re Sims)*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citation and quotation marks omitted). Even if we conclude that a trial judge improperly curtailed cross-examination in violation of a defendant's confrontation rights, "[w]e will affirm the judgment of the district court if we are satisfied beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Figueroa*, 548 F.3d at 231 (internal quotation marks omitted).

Here, the District Court prohibited Seabrook's counsel from pursuing a line of cross-examination as to one government witness' criminal activities. Seabrook asserts that he was thus denied his constitutional right to confront a witness against him as "this questioning was proper fodder for cross-examination, and indeed it was the key to the case." Appellant's Br. 39.

The record shows that the District Court did not abuse its discretion in sustaining the government's objection. Viewed in context of Seabrook's line of inquiry, the question unfairly implied that the jury should interpret the witness' invocation of his Fifth Amendment privilege as an indication that he had committed criminal acts. Moreover, any error in the District Court's ruling was harmless. Seabrook was only prevented from asking one question about the witness' criminal activities—a question that the witness actually answered despite the District Court sustaining the government's objection. Meanwhile, no attempt was then made by Seabrook's counsel to rephrase the question, and later in the cross-examination, Seabrook was able to inquire about the witness' criminal activities, including the submission of false time sheets. Accordingly, Seabrook was not denied his constitutional right to confront a witness against him.

## III. Constructive Amendment of the Indictment

We review a district court's denial of a motion for a new trial for abuse of discretion. *See United States v. Gil*, 297 F.3d 93, 101 (2d Cir. 2002). An indictment has been constructively amended when the evidence at trial or a jury charge broadens the basis for conviction from the one contained in the indictment. *See United States v. Milstein*, 401 F.3d 53, 65 (2d Cir. 2005). "To prevail on a constructive amendment claim, a defendant must demonstrate that the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify *essential*

3

*elements* of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *United States v. D'Amelio*, 683 F.3d 412, 416 (2d Cir. 2012) (internal citation and quotation marks omitted). There is no constructive amendment "where a generally framed indictment encompasses the specific legal theory or evidence used at trial." *United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir. 2003) (internal quotation marks omitted).

Seabrook contends that the government "presented evidence and made arguments that amounted to a constructive amendment of the indictment." Appellant's Br. 41. The basis of his argument is that while the superseding indictment charged a scheme to defraud a non-profit organization that was administering a City initiative, the government in summation alleged that Seabrook defrauded the City itself.

The District Court did not abuse its discretion in denying Seabrook's motion for a new trial. The factual circumstances and essential elements of the scheme described in the indictment were the same as those proved at trial and argued by the government in closing. Indeed, the government's case—that Seabrook steered City funds intended to further a City initiative toward non-profits that he controlled in order to enrich his friends and family—was the "core of criminality" that was in the indictment and laced throughout the whole trial. *D'Amelio*, 683 F.3d at 417. Seabrook is thus unable to show that either the government's trial evidence or its summation "so altered an essential element of the charge that, upon review, it is uncertain whether [he] was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Rigas*, 490 F.3d 208, 227 (2d Cir. 2007).

## IV. Loss and Restitution Calculations

We review a sentence for procedural unreasonableness by focusing on whether the sentencing court followed all the necessary steps in deciding upon a sentence. *United States v. Park*, 758 F.3d 193, 197 (2d Cir. 2014). A sentencing decision is procedurally unreasonable when a district court "makes a mistake in its Guidelines calculation, does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *United States v. Hsu*, 669 F.3d 112, 120 (2d Cir. 2012) (internal quotation marks and ellipses omitted). We review a district court's factual findings on loss for clear error and its conclusions of law *de novo. See United States v. Carboni*, 204 F.3d 39, 46 (2d Cir. 2000). While the "district court's factual findings relating to loss must be established by a preponderance of the evidence, the court need not establish the loss with precision but rather need only make a reasonable estimate of the loss, given the available information." *United States v. Uddin*, 551 F.3d 176, 180 (2d Cir. 2009) (internal citations and quotation marks omitted).

Restitution orders are reviewed under the "extremely deferential abuse of discretion standard," *United States v. Grant*, 235 F.3d 95, 99 (2d Cir. 2000) (internal quotation marks omitted),

4

while the factual findings underlying a restitution order are reviewed for clear error. *See In re Rendón Galvis*, 564 F.3d 170, 174-75 (2d Cir. 2009).

Seabrook argues that the District Court erred in calculating the loss amount for purposes of the United States Sentencing Guidelines to be more than $400,000 and setting his restitution amount at $619,715.24. We discern no error—much less clear error—on the part of the District Court in reaching these amounts. The District Court found the record "devoid of evidence of work actually performed" on the City contracts that Seabrook fraudulently obtained for his network of non-profits. J.A. 261. Building off that premise, the District Court's loss formula—which subtracted certain losses attributable to other persons from the Presentence Report's estimate of over $1 million in losses to the City—is perfectly reasonable, and, in fact, relatively conservative when considering the alternative: tallying up the total funds that made their way from City coffers to Seabrook's sham organizations. Accordingly, Seabrook's challenges to the loss and restitutions amounts fail.

### V. Post-Judgment Motion for a New Trial

We review the District Court's decision on a motion for a new trial based on newly discovered evidence for abuse of discretion. *See United States v. Owen*, 500 F.3d 83, 87 (2d Cir. 2007). Such motions are "granted only with great caution and in the most extraordinary circumstances." *United States v. Zichettello*, 208 F.3d 72, 102 (2d Cir. 2000) (internal quotation marks omitted). To put forward a successful Rule 33 motion based on newly discovered evidence of perjury, the defendant must, among other things, satisfy two threshold requirements—he must present newly discovered evidence and must prove that "the witness in fact committed perjury." *United States v. Stewart*, 433 F.3d 273, 297 (2d Cir. 2006) (internal quotation marks omitted).

Seabrook filed a post-judgment motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure on the basis of "newly discovered evidence" of perjury by two government witnesses. J.A. 367. The District Court, in a thoughtful 20-page decision, denied this motion, reasoning that Seabrook made no showing of perjury and that even if perjury had occurred, there were insufficient grounds in the present case to grant Seabrook's motion. For substantially the reasons outlined by the District Court, we affirm the denial of Seabrook's Rule 33 motion for a new trial.

5

## CONCLUSION

We have considered defendant's remaining arguments and find them without merit. Accordingly, we **AFFIRM** the January 17, 2013 judgment of the District Court.


FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court