15-1852-cr
*United States v. Larry Seabrook*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand sixteen.

PRESENT:     CHESTER J. STRAUB,
             DENNY CHIN,
             SUSAN L. CARNEY,
                     *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                     *Appellee*,

           v.                                          15-1852-cr

LARRY SEABROOK,
                     *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    Niketh V. Velamoor, Paul M. Monteleoni,
                                 Anna M. Skotko, Assistant United States
                                 Attorneys, *for* Preet Bharara, United States
                                 Attorney, Southern District of New York, New
                                 York, New York.

FOR DEFENDANT-APPELLANT:     Margaret M. Shalley, Margaret M. Shalley &
                             Assocs., LLC, New York, New York, and
                             Grainne E. O'Neill, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-appellant Larry Seabrook appeals the district court's order entered May 26, 2015 (the "Order") directing him to forfeit his New York City Employee Retirement Pension as a substitute asset for a money judgment imposed pursuant to his fraud convictions. Following a jury trial, Seabrook, a former New York City councilman, was convicted of three counts of conspiracy to commit fraud, three counts of mail fraud, and three counts of wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349. In a judgment entered January 17, 2013, Seabrook was ordered to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), $418,252.53 representing property constituting or derived from proceeds traceable to the commission of those offenses.[1] Thereafter, the government moved to require Seabrook to forfeit his interest in his pension, as a substitute asset for the city funds transferred to his co-conspirators, Gloria Jones-Grant and Tyrone Duren. By memorandum and order entered May 26, 2015, the district court granted the motion. It entered the Order the same day.

---

[1] Other aspects of Seabrook's conviction and sentence were the subject of earlier appeals before this Court. *United States v. Seabrook*, 613 F. App'x 20 (2d Cir. 2015); *United States v. Seabrook*, 571 F. App'x 27 (2d Cir. 2014). Only the forfeiture order is before us now.

Seabrook argues that applicable forfeiture statutes do not authorize the district court to require the forfeiture of substitute assets and that his pension is not subject to forfeiture. We assume the parties' familiarity with the facts and the issues on appeal.

## I. Whether Forfeiture Was Authorized

Seabrook first argues that the forfeiture order was improper because 21 U.S.C. § 853(a) only permits forfeiture of property that Seabrook personally obtained, directly or indirectly, *see* 21 U.S.C. § 853(a)(1), (2), and he contends that he never received any of the funds that formed the basis of the forfeiture. Seabrook arranged for city funds to be transferred to Jones-Grand and Duren and thus they never passed through his hands.

The argument fails. The forfeiture judgment was entered pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Although § 981 is entitled "Civil forfeiture," it is made applicable to criminal cases by § 2461(c). *See United States v. Contorinis*, 692 F.3d 136, 145 n.2 (2d Cir. 2012) ("This roundabout statutory mechanism allows a court to order forfeiture in criminal securities fraud proceedings."). In addition, § 2461(c) provides that the "procedures" in 21 U.S.C. § 853 apply to "all stages of a criminal forfeiture proceeding," and thus § 853(p)'s substitute asset provisions apply as well. 28 U.S.C. § 2461(c).

Section 981(a)(1)(C) does not contain the language in § 853(a) relied on by Seabrook, *i.e.*, the forfeiting of "any proceeds the person obtained" or "any of the

person's property." 21 U.S.C. § 853(a)(1), (2). The language in § 981 is much broader, providing that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of [certain specified statutes]" is subject to forfeiture. 18 U.S.C. § 981(a)(1)(C). *See United States v. Bermudez*, 413 F.3d 304, 306 (2d Cir. 2005) (per curiam) (in money laundering case under 18 U.S.C § 982, rejecting argument that substitute assets provision of § 853(p) applies only to property as defined by § 853(a)).

The funds that Seabrook directed to be transferred to the third parties fall under § 981's broad definition of "proceeds" as "property of *any kind* obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto." § 981(a)(2)(A) (emphasis added). Therefore, those monies may be forfeited. This reading comports with 21 U.S.C. § 853(o)'s directive to construe the statute's provisions liberally.

Seabrook's second argument is that the district court erred by forfeiting *his* property rather than the funds transferred to the co-conspirators. There was no error, for that is the point of substituting assets -- because the funds directed to the co-conspirators are no longer available, Seabrook's personal assets have been substituted instead. Indeed, § 853(p) broadly provides that where property subject to forfeiture has been, *inter alia*, transferred to a third party, "the court shall order the forfeiture of any other property of the defendant." 21 U.S.C. §§ 853(p)(1)(B), (2). The district court found that § 853(p)'s provisions apply to any property transferred as a result of *any* act or omission of the defendant, and do not require that the transfer of property be separate

- 4 -

and distinct from the underlying criminal conduct. We agree. Where a defendant's crime is the transfer of money to a third party, the transfer itself may be a basis for substituting assets even if that money is never received by the defendant. Once again, this comports with the statute's mandate that it "be liberally construed to effectuate its remedial purposes." 21 U.S.C. § 853(o).

Accordingly, we find that the district court's substitute forfeiture order was authorized.

## II. The Pension Plan

Seabrook argues that Section 7 of Article V of the New York State Constitution protects his New York City pensions and, therefore, those cannot be claimed as substitute assets. This issue was recently decided by this Court in *United States v. Stevenson*, where we held that "Article V, Section 7 of the New York State Constitution is preempted [by federal law] to the extent that it would prevent forfeiture of [a defendant's] contributions to or benefits from a state pension or retirement system." *United States v. Stevenson*, No. 14-1862-cr, 2016 WL 4375010 at *5 (2d Cir. Aug. 17, 2016). *Stevenson* controls, and thus, Seabrook's pension contributions are subject to forfeiture.

*    *    *

We have considered Seabrook's remaining arguments and find them to be without merit.  For the foregoing reasons, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk