14-2943-cr (L)
*United States v. Michael Kaufman, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand fifteen.

PRESENT:   JOSÉ A. CABRANES,
           DEBRA ANN LIVINGSTON,
           CHRISTOPHER F. DRONEY,
                      *Circuit Judges.*

---

UNITED STATES OF AMERICA,

   *Appellee,*

    v.                                                  No. 14-2943-cr
                                                                No. 14-2982-cr

MICHAEL C. KAUFMAN, RICHARD A. KAUFMAN,

   *Defendants-Appellants.*

---

**FOR DEFENDANT-APPELLANT
MICHAEL C. KAUFMAN:**   MARK D. HOSKEN (Jay S. Ovsiovitch, *on the brief*), Assistant Federal Public Defender, Western District of New York, Rochester, NY.

**FOR DEFENDANT-APPELLANT
RICHARD A. KAUFMAN:**   SCOTT M. GREEN, Law Office of Scott M. Green, Rochester, NY.

**FOR APPELLEE:**                                      MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, NY.

Appeal from July 31, 2014 and August 14, 2014 judgments of the United States District Court for the Western District of New York (Frank P. Geraci, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendants-Appellants Michael and Richard Kaufman appeal from the District Court's judgments convicting them, after a jury trial, of one count each of conspiracy to commit bank fraud and two substantive counts each of bank and loan fraud, in violation of 18 U.S.C. §§ 1014, 1344, 1349, and 2. On April 4, 2014, the jury returned a guilty verdict finding that the Kaufmans, father and son principals of a family-owned construction safety equipment business, had defrauded and conspired to defraud Key Bank, from which the Kaufmans received $2 million in business loans and lines of credit. Both defendants received custodial sentences. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On appeal, Michael Kaufman first challenges the sufficiency of the evidence supporting the guilty verdict against him. We review such a claim *de novo*. *United States v. Desposito*, 704 F.3d 221, 226 (2d Cir. 2013). However, a "defendant challenging the sufficiency of the evidence bears a heavy burden, because the reviewing court is required to draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury verdict." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011) (citation omitted). In evaluating sufficiency of the evidence, we will consider "the totality of the government's case . . . as each fact may gain color from others." *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999). We must affirm a conviction if "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Upon review of the record, we conclude that sufficient evidence supported Michael Kaufman's convictions on each count. At trial, the government adduced evidence that Michael Kaufman, often in conjunction with his son and business partner Richard, misrepresented to Key Bank his personal financial assets in an effort to secure a loan, misrepresented the company's value, impeded efforts by an outside accounting firm to determine company finances, and ordered his subordinate to falsify company accounting and inventory statements on pain of termination. This trial evidence, *inter alia*, was sufficient to permit a rational trier of fact to conclude that Michael Kaufman was guilty of bank and loan fraud and conspiracy to commit bank fraud.

Michael Kaufman's challenge to the District Court's jury charge is similarly unavailing. We review a properly preserved challenge to jury instructions *de novo*, but we will reverse "only where, 'viewing the charge as a whole, there was a prejudicial error.'" *Coplan*, 703 F.3d at 87 (quoting *United States v. Aina-Marshall*, 336 F.3d 167, 170 (2d Cir. 2003)). Michael Kaufman takes issue with the instruction that "[v]ictim negligence, carelessness or gullibility is no defense to a charge of such fraud." J.A. 303. Specifically, he argues that this instruction conflicted with the Court's instruction on bank fraud that the government need not prove actual loss of funds, but must prove that "the defendants placed the bank at risk of loss, and that the bank did not knowingly accept such risk." J.A. 298.

Here, the challenged instruction regarding victim negligence or gullibility was a proper statement of the law, and it introduced no conflict or risk of improper burden-shifting. *Cf. United States v. Amico*, 486 F.3d 764, 780 (2d Cir. 2007) (holding, in a mail fraud case, that "the victim's gullibility . . . is not relevant to the inquiry as to whether the defendants were properly convicted" (quoting *United States v. Thomas*, 377 F.3d 232, 243 (2d Cir. 2004))). The burden of proving that Key Bank did not knowingly accept the risk of loss that defendants fraudulently created remained with the government. The victim negligence or gullibility instruction was not error, much less prejudicial error.

Finally, defendant Richard Kaufman solely challenges on appeal his sentence.

We review criminal sentences for "reasonableness" under a deferential abuse-of-discretion standard. *United States v. Cavera*, 550 F.3d 180, 187-88 (2d Cir. 2008) (en banc). A sentence is *procedurally* unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). A sentence is *substantively* unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted); *see generally United States v. Park*, 758 F.3d 193, 199-202 (2d Cir. 2014). The substantive reasonableness standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

It is undisputed that the Court correctly calculated the Advisory Sentencing Guidelines range of 46 to 57 months of imprisonment, and then sentenced Richard Kaufman to 46 months of incarceration. Richard Kaufman argues, however, that the District Court erred by failing to impose a sentence *below* the guidelines range (Kaufman had requested probation or home confinement) and by citing the defendant's perceived lack of personal responsibility for his actions. We disagree. The record makes clear that the District Court engaged in a lengthy consideration of the § 3553(a)

3

factors. It then imposed a sentence at the lowest end of the guidelines range. This sentence was neither procedurally unreasonable, nor substantively unreasonable, nor in any way an abuse of discretion.

To the extent that Richard Kaufman raises a Fifth Amendment claim, his failure to object to his sentence on Fifth Amendment grounds in the District Court means that we review his claim for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). Because this Court has never validated the existence of this type of claim, whatever error might or might not have occurred in this case cannot have been "plain."

We have considered all of the remaining arguments raised by the defendants and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgments of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4