14-0605-cr(L)
*United States v. Ramlochan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August , two thousand fifteen.

PRESENT:

    JOSÉ A. CABRANES,
    REENA RAGGI,
    RICHARD C. WESLEY,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
        *Appellee,*

        -v.-

SHANE BROWNE, CASSANDRA CEAN,
        *Defendants-Appellants,*

KIM RAMLOCHAN, also known as KIM CUPELES,
also known as KIM YOHAY, BIBI OMAR, also known as ZAMEENA OMAR,
        *Defendant.*[*]

Nos.   14-0605-cr (L)
      14-2182-cr (CON)
      14-2282-cr (CON)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT BROWNE:**      Meredith S. Heller, Tor Ekeland, P.C,
                                             Brooklyn, New York.

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform with the above.

1

**FOR DEFENDANT CEAN:**                    LOUIS M. FREEMAN, Freeman, Nooter & Ginsberg, New York, New York. Vivian Shevitz, South Salem, New York.

**FOR APPELLEE:**                    MARGARET E. GANDY, Jo Ann Navickas, Maria Cruz Melendez, Assistant United States Attorneys, *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a June 20, 2014 judgment and an April 14, 2014 judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 20, 2014 judgment and the April 14, 2014 judgment of the District Court are **AFFIRMED**, and the cause **REMANDED** for the limited purpose of permitting entry of the revised restitution order.

Defendants Cassandra Cean and Shane Browne appeal their judgments of conviction from the District Court.[1] Following a jury trial, Cean was convicted of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349, and four counts of wire fraud in violation of 18 U.S.C. § 1343. The District Court sentenced Cean principally to 87 months' imprisonment and three years' supervised release. Browne pleaded guilty to conspiring to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. He was sentenced principally to 51 months' imprisonment and three years' supervised release. Both Cean and Browne were ordered to pay restitution of $1,205,355.

Defendants raise numerous arguments on appeal. Cean contends that: (1) her indictment was constructively amended; (2) the District Court improperly admitted evidence of a subsidiary conspiracy; (3) the government improperly referenced inadmissible evidence when it cross-examined her; (4) the District Court erred in denying her motion for a new trial or an evidentiary hearing based on alleged juror misconduct; (5) her sentence was both procedurally and substantively unreasonable; and (6) the District Court erred in calculating her restitution amount.[2] Browne argues that: (1) the District Court erred in calculating his restitution amount; and (2) his sentence was both

---

[1] Although this summary order only resolves the cases of Cassandra Cean and Shane Browne, the consolidated appeal originally involved another defendant, Kim Ramlochan. In an order filed the same day as this summary order, we reject the *Anders* motion filed by Ramlochan's counsel as well as the government's motion for summary affirmance. We also direct the parties to file a scheduling notification and direct the Clerk's office to unconsolidate Ramlochan's appeal from the appeals of her co-defendants.

[2] In response to a letter from Cean's counsel, dated August 14, 2015, we granted permission for Cean to join in Browne's argument that the District Court erred in setting the restitution amount in the case.

procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## DISCUSSION

### I. Constructive Amendment of the Indictment

An indictment has been constructively amended when the evidence at trial or a jury charge broadens the basis for conviction from the one contained in the indictment. *See United States v. Milstein*, 401 F.3d 53, 65 (2d Cir. 2005). "To prevail on a constructive amendment claim, a defendant must demonstrate that the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify *essential elements* of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *United States* v. *D'Amelio*, 683 F.3d 412, 416 (2d Cir. 2012) (internal citation and quotation marks omitted). There is no constructive amendment "where a generally framed indictment encompasses the specific legal theory or evidence used at trial." *United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir. 2003) (internal quotation marks omitted).

Cean argues that the government constructively amended the indictment as the government pressed a "broader 'scheme'" at trial. Appellant Cean's Br. 40. But the essential elements of the scheme described in the indictment—that the defendants, including Cean, perpetrated mortgage fraud—were the essential elements of the scheme proved at trial. Indeed, the government may have also proved *additional* facets of that mortgage fraud scheme, including the manipulation of certain individuals as straw buyers. But that all emanated from the same criminal offenses committed by the defendants and is thus not a constructive amendment of the indictment.

### II. Evidentiary Issues

Cean also contends that she was improperly prejudiced by the introduction of evidence relating to a subsidiary conspiracy to prevent Tyroon Comacho from going to the authorities.[3] She claims that the government never established that she was part of any specific conspiracy related to Comacho, a necessary predicate for admitting a co-conspirator's statement under Fed. R. Evid. 801(d)(2)(E). The government argues that the evidence relating to Comacho was not admitted to prove the truth of the matter asserted or as a co-conspirator statement but only to provide context for Comacho's payment of money to Cean after the meeting. Moreover, the government argues that

---

[3] Cean also claims that statements relating to the silencing of Joanne Legair were improperly admitted. This evidence, however, was properly admitted under Rule 801(d)(2)(E) as a co-conspirator statement made in furtherance of the underlying mortgage fraud conspiracy in this case.

3

even if evidence about the conspiracy related to Comacho was erroneously admitted, it did not constitute plain error.[4]

Upon review of the record, we agree with the government that the admission of evidence relating to the conspiracy to silence Comacho was not plain error. To constitute plain error, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466–67 (1997) (citations, internal quotation marks, and alterations omitted). Cean's challenge fails the plain error test because the purported evidentiary error did not impugn the fairness or integrity of the trial. There was no evidence presented that Cean was aware of the purpose of the conspiracy to silence Comacho nor was she directly implicated in the financial arrangement that was meant to ensure Comacho's silence. Moreover, in light of the other record evidence of Cean's guilt presented at trial, admission of this evidence did not have a "substantial and injurious effect or influence in determining the jury's verdict." *United States v. Estrada*, 430 F.3d 606, 622 (2d Cir. 2005) (internal quotation marks omitted).

Cean also asserts that the District Court erred in permitting cross-examination about her alleged participation in a prior fraudulent real estate transaction. But trial judges are given broad discretion in determining the scope of cross-examination, *see United States v. Blanco*, 861 F.2d 773, 781 (2d Cir. 1988), and we find no abuse of that discretion here. At trial, Cean testified that she was an unknowing participant in the mortgage fraud scheme at issue in the case. The government's cross-examination regarding the prior fraudulent real estate scheme was thus justifiably aimed at probing Cean's credibility pursuant to Fed. R. Evid. 608(b) and it did not violate her substantial rights.

### III. Motion for a New Trial

A district court may vacate a judgment of conviction and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. We review a trial court's decision to deny a Rule 33 motion for abuse of discretion, upholding findings of fact that were made in the course of deciding the motions unless they are clearly erroneous. *See, e.g.*, *United States v. Wong*, 78 F.3d 73, 78-79 (2d Cir. 1996). To be granted "a new trial in a situation where a juror makes a mistaken response to a question, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." *United States v. Shaoul*, 41 F.3d 811, 815 (2d Cir. 1994) (citing *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984) (brackets and ellipses omitted)).

---

[4] As Cean did not properly preserve these objections at trial, her evidentiary challenge is reviewed for plain error.

4

Cean contends that the District Court erred in denying her motion for a new trial pursuant to Rule 33.[5] Her motion centers on her allegation that two jurors "concealed information upon which bias could be inferred." Appellant Cean's Br. 51. The District Court, however, did not abuse its discretion in denying Cean's motion, nor was its decision based on findings of fact that were clearly erroneous. Indeed, Cean fails to point to any purportedly false statement made by a juror during *voir dire* that would affect that juror's impartiality. Accordingly, we find no error—much less a clear error— in the District Court's finding of no juror misconduct and we similarly identify no abuse of its discretion in its decision to deny Cean's Rule 33 motion.

## IV. Sentencing Issues

We review a sentence for procedural unreasonableness by focusing on whether the sentencing court followed all the necessary steps in deciding upon a sentence. *United States v. Park*, 758 F.3d 193, 197 (2d Cir. 2014). A sentencing decision is procedurally unreasonable when a district court "makes a mistake in its Guidelines calculation, does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *United States v. Hsu*, 669 F.3d 112, 120 (2d Cir. 2012) (internal quotation marks and ellipses omitted). For the substantive reasonableness inquiry, an appellate court will set aside a district court's sentence "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal citation and quotation marks omitted); *United States v. Park*, 758 F.3d 193, 199–201 (2d Cir. 2014). We review both procedural and substantive unreasonableness challenges under an abuse of discretion standard. *See United States v. Corsey*, 723 F.3d 366, 378 (2d Cir. 2013); *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008).

Cean and Browne both challenge their sentence on procedural and substantive unreasonableness grounds. Upon review of the record, we find no unreasonableness—procedural or substantive—in Cean's sentence. Browne's appeal also fails because his challenge is precluded by his execution of a plea agreement in which he waived the right to appeal a sentence below 71 months' imprisonment.[6] Gov't App'x 3.

---

[5] In the alternative, Cean argues for an evidentiary hearing on the issue. Post-trial jury hearings should be granted "when there is clear, strong, substantial and incontrovertible evidence that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial of a defendant." *United States v. Vitale*, 459 F.3d 190, 197 (2d Cir. 2006) (internal quotation marks omitted). Because we identify no such abuse here, we hold that the District Court did not err in denying Cean's motion for an evidentiary hearing.

[6] Browne was ultimately sentenced to a term of 51 months' imprisonment. Appellant Browne's App'x 92.

## V. Restitution

Cean and Browne argue—and the government agrees—that the District Court erred in setting their restitution amount at $1,205,355. "The purpose of restitution is essentially compensatory … a restitution order must be tied to the victim's actual, provable, loss." *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012) (internal citations and quotation marks omitted). Because the District Court's restitution order overstates the *actual* loss amount to the victims, we remand the cause as to both Browne and Cean for the limited purpose of permitting entry of a revised restitution order.

## **CONCLUSION**

We have considered defendants' remaining arguments and find them without merit. Accordingly, we **AFFIRM** the June 20, 2014 judgment and the April 14, 2014 judgment of the District Court, and **REMAND** the cause for the limited purpose of permitting entry of the revised restitution order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

6