14-605-cr
*United States v. Ramlochan*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand sixteen.

PRESENT:     JON O. NEWMAN,
             JOSÉ A. CABRANES,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges.*

---

UNITED STATES OF AMERICA,

　　　　　　　*Appellee,*　　　　　　　　　　　　　14-605-cr

　　　　　v.

BIBI OMAR, AKA ZAMEENA OMAR, SHANE BROWNE, CASSANDRA CEAN,

　　　　　　　*Defendants,*

KIM RAMLOCHAN, AKA KIM CUPELES, AKA KIM YOHAY,

　　　　　　　*Defendant-Appellant.*

---

FOR DEFENDANT-APPELLANT:          Daniel M. Perez, Law Offices of Daniel
                                  M. Perez, Newton, NJ.

FOR APPELLEE:                     Amy Busa, Margaret E. Gandy, Maria
                                  Cruz Melendez, Assistant United States
                                  Attorneys, *of counsel, for* Robert L. Capers,

United States Attorney, Eastern District
of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause be and hereby is **REMANDED** for the limited purpose of permitting entry of a revised term of supervised release and revised restitution order.

Defendant-appellant Kim Ramlochan ("Ramlochan") appeals from a judgment of conviction entered in the District Court on February 20, 2014, following a plea of guilty to a charge of conspiracy to commit wire fraud. The District Court sentenced Ramlochan principally to 36 months' imprisonment, a five-year term of supervised release, and restitution of $1,196,355. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

Ramlochan argues, and the Government agrees, (1) that the District Court committed plain error by imposing a procedurally unreasonable five-year term of supervised release, and (2) that the District Court improperly ordered restitution based on intended, rather than actual, loss. Both parties request that the cause be remanded for the limited purpose of allowing the District Court to impose a corrected term of supervised release and a corrected restitution order.

We agree that a limited remand is appropriate. Ramlochan pleaded guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. That offense is deemed a Class C felony.[2] The maximum authorized term of supervised release for a Class C felony is three years. *See* 18 U.S.C. § 3583(b)(2). Accordingly, the five-year term of supervised release imposed by the District Court exceeded the statutory maximum and was therefore plain error. *See United States v. Cadet*, 664 F.3d 27, 33 (2d Cir. 2011).

---

[1] Ramlochan's case originally came before this Court as part of a consolidated appeal involving two other codefendants. We resolved her codefendants' appeal in a summary order, *United States v. Browne*, 621 F. App'x 44 (2d Cir. 2015). In a separate order, we directed the Clerk of Court to unconsolidate Ramlochan's appeal. We also rejected an *Anders* motion filed by Ramlochan's counsel, as well as the Government's motion for summary affirmance, and directed the parties to brief the two issues we resolve today.

[2] Neither § 1343 nor § 1349 contains a letter grade, but § 1343 provides for a maximum term of imprisonment of twenty years for commission of that offense. Accordingly, the offense is deemed a Class C felony pursuant to 18 U.S.C. § 3559(a)(3).

The parties disagree as to whether we should review the restitution order for "plain error" or "abuse of discretion." We need not decide which standard applies, because even under the more demanding plain-error standard, this case must be remanded.

Because "[t]he purpose of restitution is essentially compensatory," "a restitution order must be tied to the victim's actual, provable, loss." *United States v. Browne*, 621 F. App'x 44, 49 (2d Cir. 2015) (quoting *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012)). Here, the Government concedes that the restitution order misstated both the actual loss amount and the identity of the victims to whom restitution is due. Accordingly, further proceedings are required so that the District Court may recalculate the restitution amount and issue a revised restitution order.

## CONCLUSION

We therefore **REMAND** for the limited purpose of allowing the District Court (1) to impose a revised term of supervised release within the three-year maximum permitted under 18 U.S.C. § 3583(b)(2), and (2) to enter a revised restitution order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3