16-393
*United States v. Valdovinos-Diaz*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand seventeen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROBERT D. SACK,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                    No. 16-393

ALEJANDRO VALDOVINOS-DIAZ,

> *Defendant-Appellant*.

---

For Defendant-Appellant:                    Nicholas F. Reyes, Law Offices of
                                                          Nicholas F. Reyes, Fresno, CA.

1

For Appellee:                                        Douglas S. Zolkind, Anna M. Skotko, Margaret M. Garnett, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Alejandro Valdovinos-Diaz appeals from the judgment of the United States District Court for the Southern District of New York (Seibel, *J*.) sentencing him principally to ninety-six months' imprisonment for the offense of using interstate commerce facilities in the commission of murder for hire, in violation of 18 U.S.C. § 1958. Valdovinos-Diaz pled guilty to the commission of this offense. At sentencing, the district court indicated, without objection from the government or the defense, that Valdovinos-Diaz's U.S. Sentencing Guidelines range would be 151 to 188 months' imprisonment but for a statutory maximum of 120 months' imprisonment, resulting in a Guidelines range of 120 months' imprisonment. We assume the parties' familiarity with the remaining facts, the procedural history of this case, and the issues on appeal.

On appeal, Valdovinos-Diaz argues that his sentence was both procedurally and substantively unreasonable. "Reasonableness review is similar to review for abuse of discretion and may require reversal when the district court's decision 'cannot be located within the range of permissible decisions' or is based on a legal error or clearly erroneous factual finding." *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007) (quoting *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007)). "Procedural reasonableness concerns the procedures a district court

employs in arriving at a sentence," while "[s]ubstantive reasonableness involves the length of the sentence imposed in light of the factors enumerated under 18 U.S.C. § 3553(a)." *Id.* "A district court commits procedural error where it fails to calculate the Guidelines range[,] . . . makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact. Moreover, a district court errs if it fails adequately to explain its chosen sentence . . . ." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (internal citations omitted). A sentence is substantively unreasonable if it is "outside the range of permissible decisions," *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014) (per curiam), such that "affirming it 'would . . . damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law.'" *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013) (alteration in original) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)).

Here, Valdovinos-Diaz's sentence was not procedurally or substantively unreasonable. In particular, the district court, contrary to Valdovinos-Diaz's argument on appeal, adequately considered potentially mitigating factors, including the allegations that Valdovinos-Diaz was afraid of his intended victim; that Valdovinos-Diaz did not intend to go through with the murder but was told by a confidential informant that he might be harmed otherwise; and that Valdovinos-Diaz had a history of being a hardworking individual who supported his family and who had no prior criminal history. The district court nevertheless concluded that in light of factors including the seriousness of the offense and the need for deterrence and protection of the public, the lowest appropriate sentence was ninety-six months' imprisonment. The district court

3

also addressed the impact of the intended victim's allegedly wrongful conduct, finding that Valdovinos-Diaz's claimed fear of the intended victim was a mitigating factor, but not to the extent indicated by Valdovinos-Diaz. Moreover, in light of the seriousness of the offense, we cannot find that the length of Valdovinos-Diaz's sentence fell "outside the range of permissible decisions." *Park*, 758 F.3d at 200. Consequently, we decline to accept Valdovinos-Diaz's challenges to his sentence.

We have considered all of Valdovinos-Diaz's remaining arguments and find them without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK