24-2615-cr
*United States v. Santiago*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                24-2615

JERRARD SANTIAGO,

*Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | CHRISTOPHER W. SCHMEISSER (Conor M. Reardon, *on the brief*), Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney, District of Connecticut, New Haven, CT. |
| For Defendant-Appellant: | STEPHEN V. MANNING, Spears Manning & Martini LLC, Southport, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Meyer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jerrard Santiago ("Santiago") appeals a final judgment entered on September 26, 2024 by the United States District Court for the District of Connecticut (Meyer, *J.*), after Santiago pleaded guilty, pursuant to a plea agreement, to two counts of possession with intent to distribute fentanyl and other controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The district court conducted a three-day hearing pursuant to *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979), as contemplated in the plea agreement, and thereafter concluded, based on a preponderance of the evidence, that on May 18, 2021, Santiago had distributed cocaine laced with fentanyl to an individual, proximately causing that person's death. The district court thereafter granted the government's motion for an upward departure pursuant to U.S.S.G. § 5K2.1 and sentenced Santiago to a total of 96 months' imprisonment, to be followed by three years of supervised release. On appeal, Santiago challenges the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to **AFFIRM**.

We review sentences for reasonableness—"a particularly deferential form of abuse-of-discretion review." *United States v. Davis*, 82 F.4th 190, 195 (2d Cir. 2023) (citation omitted). This standard of review applies "both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." *Id.* at 195-96 (citation omitted). We review *de novo* questions of law, "including our interpretation of the

2

Guidelines," and review for clear error questions of fact. *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018).

Santiago argues that his sentence was procedurally unreasonable because the district court clearly erred in determining that the government demonstrated "by a preponderance of the evidence that on May 18, 2021, Santiago knowingly distributed cocaine to [the victim] that was laced with fentanyl," App'x at 697, and that "he knowingly risked death" when he distributed the cocaine, Sp. App'x at 182. He further contends that the district court abused its discretion by failing fully to consider the factors set forth in U.S.S.G. § 5K2.1. On both counts, we disagree.

Under U.S.S.G. § 5K2.1, a sentencing court may "increase the sentence above the authorized guidelines," if "death resulted." Section 5K2.1 provides that:

> Loss of life does not automatically suggest a sentence at or near the statutory maximum. The sentencing judge must give consideration to matters that would normally distinguish among levels of homicide, such as the defendant's state of mind and the degree of planning or preparation. Other appropriate factors are whether multiple deaths resulted, and the means by which life was taken. The extent of the increase should depend on the dangerousness of the defendant's conduct, the extent to which death or serious injury was intended or knowingly risked, and the extent to which the offense level for the offense of conviction as determined by the other Chapter Two guidelines, already reflects the risk of personal injury. For example, a substantial increase may be appropriate if the death was intended or knowingly risked or if the underlying offense was one for which base offense levels do not reflect an allowance for the risk of personal injury, such as fraud.

U.S.S.G. § 5K2.1.[1] In order to determine whether Section 5K2.1 is applicable, "the court should use the preponderance of evidence standard to determine whether death resulted." *United States*

---

[1] On November 1, 2025, Section 5K2.1 was deleted along with most other departure provisions. *See* U.S.S.G. app. C, amend. 836 (2025). "[A]mendments to the Guidelines that constitute a substantive change to, rather than a clarification of, a Guideline do not apply on direct review," and Santiago does not argue that we should consider amendment 836 in this appeal. *United States v. Rivernider*, 828 F.3d 91,

*v. Cordoba-Murgas*, 233 F.3d 704, 710 (2d Cir. 2000). If that standard is met, "the court may depart upward." *Id.* "[T]he questions whether to depart and if so, by how much, are largely left to the sentencing court's discretion. *Id.*

We discern no clear error in the district court's factual determination that the government demonstrated by a preponderance of the evidence that Santiago caused the victim's death by distributing cocaine laced with fentanyl to the victim. The evidentiary record supports this conclusion. The surveillance videos at the casino captured Santiago and the victim walking into the bathroom together and remaining there for seven minutes. The victim saved Santiago's cell phone number under the alias "Ice," which is a slang term for cocaine. Approximately 15 minutes after his encounter with Santiago, the victim collapsed and lay unconscious on the floor. Although Santiago stood nearby, he did not reach out to help the victim, but instead, walked off. The government's expert witness explained that the victim's collapse was consistent with an opioid overdose.

Santiago, moreover, was intimately aware of the risks of the adulteration of illicit substances. By his own admission, he was a "prolific" crack dealer for over twenty years. Despite his personal struggles with addiction and losing two of his family members and his best friend to fatal fentanyl overdoses, Santiago continued to deal fentanyl years after the victim's fatal overdose. Viewed in its entirety, the record easily supports the district court's conclusion that Santiago knowingly risked the victim's death by distributing cocaine laced with fentanyl to the victim. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574-75 (1985) ("If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court

111 n.8 (2d Cir. 2016). We accordingly analyze Santiago's sentencing challenges under the Guideline provisions applicable at the time of his sentencing, including Section 5K2.1.

4

of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.").

As to its consideration of the remaining factors set forth in Section 5K2.1, the sentencing court considered the provision closely and "in detail." Special App'x at 181. The court considered "the defendant's state of mind," the victim's death, and "the means by which [his] life was taken." U.S.S.G. § 5K2.1. *Id.* at 181-82. It also weighed just punishment, specific deterrence, and similar sentences in imposing an upward departure. *Id.* at 182-83. In sum, the district court fully considered the factors set forth in Section 5K2.1 when it applied a 10-level upward departure to Santiago's sentence. And given the district court's decision to "impose the same sentence as an upward departure or an upward variance" and to "impose the same sentence irrespective of whether [the court] granted a *Fernandez* departure as requested by the defense," any procedural error from the upward departure would, in any event, be harmless.

Santiago also challenges the substantive reasonableness of his sentence because the district court imposed a substantially higher sentence (96 months) than the recommended Guidelines range (27 to 33 months). We review the substantive reasonableness of a sentence under an abuse of discretion standard. *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009). We will set aside a sentence only in "exceptional cases," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008), where the sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (citation omitted). Here, we discern no basis for upsetting the district court's sentencing determination.

Although we recognize that the district court imposed a sentence that trebles the recommended Guidelines range, we decline to hold that the district court abused its discretion in doing so. The court explained that its upward departure was based on Santiago's lengthy criminal

history. It pointed to Santiago's "lack of a human reaction" to the victim's collapse and his failure to help the young man. Special App'x at 177. Santiago's callous reaction, paired with the fact that he went back to drug dealing, also led the district court to impose a higher sentence. Considering these circumstances, the district court's 96 month sentence was neither "shockingly high, shockingly low, [n]or otherwise unsupportable as a matter of law." *See United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014) (citation omitted).

*      *      *

We have considered Santiago's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk